# SUPREME COURT.

## THE PEOPLE, *ex rel.* PEASE agt. KING.

Where a defendant disobeys an *order* made by a judge for the non-payment of a sum of money directed to be paid, the *precept* issues to commit directly. The process to *appear* and *answer* is for contempts other than those for the non-payment of a sum of money.

Where an order is made that the defendant pay a sum of money *in satisfaction of the judgment,* he is not in *contempt* for not paying the sum to the *receiver* on demand of the latter; because the order is not to pay the money into court, or to the receiver, but in effect, to pay to the plaintiff directly in satisfaction of the judgment.

Whether an order discharging a defendant from attachment for contempt in not paying over money, pursuant to an order, is *appealable, very doubtful.*

In supplementary proceedings, where the funds are in the hands of the defendant, and there is no *dispute as to the ownership,* and it appears clearly that the funds belong to the defendant, it is proper to make an order to pay the money or apply it *directly in satisfaction of the judgment.* But where the title to the funds in the hands of the defendant are in *dispute*—claimed by persons other than the defendant, such an order is improper; the judge, under the authority conferred by sections 292 and 293 of the Code, has no right to try and determine in this summary manner these conflicting claims.

The proper order in such case is to restrain the defendant from paying over the funds to any person, and to appoint a *receiver,* whose duty will be to apply for an order requiring the defendant to pay the money into *court,* when all the parties can be heard, and the controversy disposed of.

*Seventh Judicial District, General Term, Dec.* 1853. Appeals from three orders made by the county judge of Monroe county in proceedings supplementary to execution.

The judgment upon which the execution issued was in the supreme court, and in favor of the relator against the defendant.

On the examination of the defendant before the referee, it appeared that he had then in his hands about $279, which he claimed to hold as the money of one Woodworth, and as being the proceeds of property alleged to belong to the latter, which the defendant had sold as his agent. Woodworth was also a witness, called by the relator before the referee, and claimed the money as his. It appeared from the examination, that after the relator commenced his suit, and before judgment, the

defendant claiming to be indebted to Woodworth for borrowed money, and to other persons in different sums, confessed judg- ment in favor of Woodworth and the others separately before a justice of the peace, and consented the executions might issue immediately. Executions were accordingly issued, and all the defendant's personal property levied upon and sold at a constable's sale. The property consisted of stock upon the farm, crops growing, and farming utensils. Woodworth bid off upon the sale in satisfaction of his execution a crop of oats and a crop of beans then growing, and it was agreed between him and the defendant that the latter when the crops were ripe should harvest, thresh, and market them, and take pay for his labor and trouble out of the proceeds, and pay the balance over to Woodworth. The balance was this $279, which both Woodworth and the defendant claimed to belong to the former.

The examination before the referee was on the 29th of Oc- tober, 1853. On the 5th of November following, upon the report of the referee of the evidence taken upon the examina- tion, the county judge made an order directing the defendant to apply the amount so in his hands toward the satisfaction of the judgment. He also, by order, appointed a receiver. On the 7th of November, the receiver demanded the money of the defendant, upon the order directing it to be applied in satisfac- tion of the judgment. The defendant denied having the money in his possession at this time, and did not pay it to the receiver. Application was thereupon made by the receiver for an attachment against the defendant for a contempt in dis- obeying the order. The judge issued an attachment, command- ing the defendant to appear and answer. The defendant ap- peared, interrogatories were filed, and the defendant answered upon oath, that he paid the money to Woodworth on the 2d of November, before the order to apply it was made.

The county judge thereupon discharged the defendant on the ground that he had purged the contempt. The relator appealed from the order discharging the defendant from the attachment, and the defendant appealed from the order directing the money to be applied upon the judgment, and also from the order ap-

pointing a receiver. There was no order restraining the defendant from paying the money to Woodworth. The three appeals were heard together.

S. B. JEWETT, *for Relator.*
A. J. WILKIN, *for Defendant.*

By the Court—JOHNSON, Justice. The three appeals, one by the relator, and two by the defendant, may very properly be considered together.

First. The order discharging the defendant from the attachment was properly made. The attachment to appear and answer was not the proper one for the alleged offence. The alleged contempt was the non-payment of a sum of money directed to be paid. In such case the precept issues to commit directly. The process to appear and answer, is for contempts other than those for the non-payment of a sum of money. (2 *R. S.* 535, § 4 and 5 ; 2 *Barb. Ch. Pr.* 271 ; 1 *Hoff. Ch. Pr.* 429.) The Code does not prescribe the practice, and the provisions of the Revised Statutes and the former practice are to be followed. But had the attachment been regular, no contempt in not paying was proved aside from the excuse rendered. The order was to pay the money in satisfaction of the judgment, and not to pay it into court, or to the receiver, who is but the agent or officer of the court in which the judgment is docketed.

This was an order to pay to the plaintiff directly in satisfaction of the judgment. No demand by the plaintiff or by any one having authority from him was shown.

It is well settled that a person is not in contempt for not paying money to a person other than the one to whom it is directly payable according to the terms of the order, unless such person is expressly authorized by the person to whom it is payable to receive it. (2 *Barb. Ch. Pr.* 272 ; 1 *Hoff. Pr.* 430 ; Wilkins agt. Stevens, 19 *Vesey,* 117.) Paying to the party, and paying into court, or to a receiver, are different things entirely. The proof shows that the money was demanded by the receiver by virtue of the order requiring it to be paid toward the satisfaction of the judgment, and in no other way. That

was the order served when the demand was made, and all the proceedings are based upon it. No contempt was therefore shown.

I think it may well be doubted whether such an order is appealable. The alleged contempt is one of that class denominated extraordinary contempts, in which the dignity of the court is principally concerned, and in which the party has only an indirect interest. The proceeding was never given as a remedy to the party, although he is frequently benefited by it, and is often thus enabled to obtain satisfaction of his demand when all other remedies have failed. It is rather a power conferred upon courts and judicial officers to enable them to protect and preserve their own authority and dignity. I can find no precedent for such a proceeding, where a party has been allowed to appeal from an order of this kind, the only ground of which is, that the court or officers have not manifested by the order a due regard for his or their authority and dignity, by means whereof a party to the action, but not to the proceeding, has possibly sustained an injury. But it is unnecessary to examine this question, as we do not place the decision upon this ground.

Second. The appeal by the defendant from the order directing him to apply this money in his hands toward the satisfaction of the judgment is well taken. The order was wholly unauthorized under the proof before the referee. The evidence clearly shows that this money in the defendant's hands was claimed both by him and Woodworth to be the money of the latter. The county judge, in this proceeding, undertook to try and determine the *bona fides* and validity of Woodworth's purchase at the constable's sale, and the validity of the judgments before the justice upon which the several executions were issued : in short, to determine in this summary manner whether the relator or Woodworth had the superior right to the proceeds of the property purchased by the latter at the constable's sale. This he had no authority to do in this proceeding. Woodworth was in no sense a party. He was called as a witness by the relator, and was not concluded by the order.

Nor would the order, had the defendant complied with it, have afforded him any shield against Woodworth's claim upon him for the money thus in his hands. It was never intended that the judge, under the authority conferred by sections 292 and 297 of the Code, should try and determine questions of this character, as is obvious by reference to § 299.

This case, it is true, is not within the language of that section, as the funds here were in the defendant's hands at the time the order for the examination was made, and the examination had before the referee, but it is clearly within its spirit. (People agt. Hulburt, 5 *How. Pr. R.* 446.) This order must therefore be reversed.

Third. The order appointing a receiver was proper. It is just the case where a receiver should be appointed, in a proceeding of this kind, where the funds are in the hands of the defendant. If there is no dispute as to the ownership, and the money in the defendant's hands is clearly his, no receiver is necessary, and none should be appointed, as in that case the proper order is to pay the money, or apply it directly in satisfaction of the judgment. This was the chancery practice before the Code. (*Edwards on Receivers,* 8.) But as the title to the fund in the defendant's hands was disputed, the proper course would have been not to order it to be applied in satisfaction of the judgment, but to make an order restraining the defendant from paying it over to Woodworth or any other person, and to appoint a receiver. The duties of a receiver, in such a case, are prescribed by § 244 of the Code, sub. 5, which are, to apply for an order requiring the defendant to pay the money into court. When the fund is paid into court, all the parties can be heard, and if necessary to a proper disposition of the controversy, the court will order the receiver to bring an action on an issue to be framed to determine the disputed right, in a manner which shall conclude and protect all parties interested, or making claims upon the fund. This view harmonizes the various provisions of the Code, and tends to place the practice upon a footing consistent with the just rights of all parties and adverse claimants. The order discharging the defendant from

the attachment, and that appointing a receiver, are affirmed, and that ordering the money in the defendant's hands to be applied toward satisfying the judgment reversed, with $10 costs of appeal to the defendant. No costs allowed to the relator.