Cardozo, J.
I have not any doubt of the power to issue a precept, but the question of a party’s means, when tried on affidavits, is always very unsatisfactory, and I am loth to do what might prove to be a harsh act. I have concluded to stay plaintiff’s proceedings in this action, except as hereafter mentioned, and to direct that a precept be issued unless in three days he pay §250 on account of the counsel fee, and the like sum on account of the- alimony heretofore ordered. Upon payment of those sums within that time, the application for a precept may stand over, and a reference be taken to A. J. Smith, Esq., to ascertain the means of the plaintiff; and upon the coming in of the report I will make such order, either for the modification of the previous order or for the enforcement of it, as may be projjer. Except to prosecute such reference, the plaintiff’s proceedings will be stayed in mean time.
II. Motion to vacate precept for irregularity.
Upon proof of noncompliance of the defendant with the order entered pursuant to the foregoing opinion, the plaintiff ex-parte obtained a precept which was issued and returned by the sheriff non est inventus. The following alias was then issued, on which the defendant was arrested, and then moved to vacate as irregular.
• The People of the State of New York to the Sheriff of the City and County of New York : Greeting:
Whereas, Heretofore, to wit, on the third day of February in the year of our Lord one thousand' eight hun *84 dred and sixty-nine, in a suit theretofore brought for a divorce, and then pending in our supreme court, by John A. Ward, a husband, as plaintiff, against Amelia Charlotte Ward, his wife, as defendant, an application was made by the said Amelia Charlotte Ward to our said court for an order that the plaintiff aforesaid pay to the defendant aforesaid forthwith such a sum as may be reasonable and proper to enable her to carry on the suit during its pendency ; and also such further sum monthly for her support during the pendency thereof as maybe just.
And whereas, Upon the day aforesaid the said plaintiff John A. Ward duly appeared in our said court, and opposed the said application of his said wife, upon affidavits showing the amount of his income and property, ■ and the condition thereof, and his ability to comply with the terms of the order next hereinafter mentioned.
And whereas, On the day aforesaid upon the application aforesaid so made, and after the same had been by the said plaintiff opj>osed as aforesaid, a certain order was thereupon made by one of the justices of our said supreme court, in the action aforesaid pending therein as aforesaid, whereby it was ordered that the said plaintiff John A. Ward, within ten days after entry and service of a copy of the said order, pay to the said defendant’s attorneys, Abbott & Gerry, Esqs., at their office, Humber fifty-four Wall Street, in the city of Hew York, the sum of five hundred dollars as counsel fee in this action, and also the further sum of two hundred dollars as alimony for the defendant for the months of January and February, eighteen hundred and sixty-nine.
And whereas, It has been made to appear to our satisfaction in our said court that although ten days have elapsed since entry and service of a copy of .said order on said plaintiff John A. Ward, yet that he has not complied with the terms of said order, and that although the said sums of five hundred dollars and two hundred dollars have been personally demanded of the said John A. Ward by or in behalf of the said Abbott & Gerry, Esqs., the attorneys for the said defendant, Amelia Charlotte *85 Ward, yet the said John A. Ward has hitherto neglected and refused, and still neglects and refuses to pay the same, and has been guilty of a contempt of our said court by such neglect and refusal and disobedience of said order, and stands charged with and guilty of such contempt.
And whereas, The costs and expenses of the proceed- ( ing on the part of the said Amelia Charlotte Ward to compel payment thereof amounts to ten dollars.
Now, therefore, we command you (as before we have commanded you), to take the body of the said John A. Ward, if he shall be found in your county, and commit him to the common jail of the city and county of New York, and keep and detain him therein under your custody until he shall pay the sum of seven hundred dollars for the said moneys so ordered to be paid, and also the said further sum of ten dollars for the costs and expenses of the proceedings to compel such payment, together with your fees on this precept; which said sums of seven hundred and ten dollars arc hereby imposed as a fine on said John A. Ward for the contempt aforesaid with which he stands charged. And you are to make and return to our said court on the fourth Monday of April instant, at the county clerk’s office in the said county of New York, a certificate under' your hand of the manner in which you shall have executed this our writ; and have you then there this writ.
Witness Hon. Josiah Sutherland, one of the Justices of our said court, at the city hall in the city of New York, the third day of April, one thousand eight hundred and sixty-nine.
By the Court.
Chas. E. Loew, Cleric.
Abbott & G-ebby,
Attorneys for Relatrix, Amelia Charlotte Ward.
« [Indorsed: “ Supreme Court, city and county of New York. The People of the State of New York on the relation of Amelia Charlotte Ward against John A. Ward. *86 Alias Precept. Abbott & Gerry, Attorneys for Relatrix, Ho. 54 Wall Street, Hew York. Allowed this April 8, 1869, Jos. Sutherland. By the special order of the court. Chas. E. Loew, Cleric.)
Joseph 22. Flanders, for the motion.—I. The precept contemplated hy the statute in cases like the present is a mere civil execution, on which the the prisoner is entitled to the jail liberties (3 Rev. Stat., 5 ed., 850, §§ 3, 4; People v. Nevius, 1 Hill, 154 ; Van Wezel v.Van Wezel, 1 Edw. Ch., 113 ; S. C., 3 Paige, 38).
II. This precept is irregular in that it adjudges the party to he in contempt, and imposes the payment of the money it was issued to collect, as a fine. That is the. proper form of commitment only where the proceeding is hy attachment and interrogatories, as pointed out hy the statute jsupr a).
III. Hence the words in the precept (supra in italics) should not have been inserted, and the motion to vacate should he granted.
Elbridge T. (Jerry, opposed. I. This precept is hy statute made equally a commitment for contempt with the other commitment which issues after attachment and interrogatories. The latter process is improper in cases like the present, where the contempt consists in willfully disobeying an order directing payment of a sum of money (People v. King, 9 How. Pr., 97).
II. A precept in the nature of an execution no longer exists. By the nresent statute, process in the nature of execution issues against person or property only after judgment (3 Rev. Stat., 5 ed., 642-3; Laws of 1840, 333, ch. 386, § 15).
Cardozo, J.
I have given this case very careful consideration, and am satisfied that the precept is irregular, by reason of the objection mentioned, and that it should issue only in such form as will entitle the prisoner to the jail limits.
*87 It must therefore be set aside; "but only upon the prisoner stipulating not to bring any action by reason of his arrest, &c., and without prejudice to the issuing of a new precept in proper form.