PATTEN a. CONNAH.

*New York Common Pleas; General Term, October,* 1861.

SUPPLEMENTARY PROCEEDINGS.*—DEBTS DUE TO JUDGMENT-DEBTOR.

·Where the plaintiff had obtained an order, under § 297 of the Code, that the defendant pay to him money due to a judgment-debtor of the plaintiff, which the

---

* In the case of BELKNAP a. HASBROUCK (*Supreme Court, First District; At Chambers, July*, 1861), where a judgment had been recovered against the defendant in 1846, and execution issued in the following year, which did not appear to have been returned, and again in 1861 plaintiff had issued execution without leave of the court, which was returned unsatisfied, and had instituted supplementary proceedings in New York, claiming that the defendant had a place of business in New York, the defendant being a weigher attached to the New York Custom-house, it was *Held*, that the plaintiff must show either that the first execution had been returned unsatisfied, or that the second execution had been issued by leave of the court; and that defendant's employment did not give him a "place of business" in New York, within the meaning of § 292 of the Code.

This was a case of supplementary proceedings. It appeared that in 1846 a decree was obtained in the cause for a deficiency upon the foreclosure of a mortgage upon property in ·the county of Ulster, and the decree was docketed in that county. An execution was issued in 1847 to the sheriff of said county, but no return appeared to have been made by the sheriff, upon such execution. A second execution was issued, without leave of the court, in the month of May last, to the sheriff of the city and county·of New York, and returned unsatisfied.. Upon these proceedings an order was obtained for the examination of the defendant, upon supplementary proceedings, before a justice of the court. The affidavit of the plaintiff set forth that the defendant had a place of business in the city of New York. It was shown by the defendant, upon the hearing, that he did not live in Ulster county at the time when the first execution was issued to that county; and that at the time the last execution was issued, he resided in the county of Kings; that he was a weigher, attached to the New York Custom-house, having a place of business for the deposit of government tools used by him, and desk-'

defendant failed to pay ;—*Held*, that the plaintiff was not entitled to recover by action from the defendant, the sum so directed to be paid, but that a receiver of the judgment-debtor's property should have been appointed.

Appeal from a judgment of the Marine Court.

This action was brought to recover the sum of $570, claimed to be due from the defendant, under an order made in supplementary proceedings by a justice of the Supreme Court. The plaintiff had obtained a judgment against one Crane, for about $1400 ; after the return of execution unsatisfied, the plaintiff, under § 294 of the Code, examined the defendant as the debtor of Crane. On that examination she admitted she owed Crane for rent $570, and to which she had no set-off or claim. The judge, by order, directed the amount acknowledged by her to be due Crane, to be paid Patten on his judgment. The defendant having refused to pay him on the service of this order, Patten obtained an order for her to show cause why she did not obey the order of the court. On the return-day Connah returned for answer that she had not then the money to pay, and Justice Davis dismissed the motion, with $10 costs to be paid by plaintiff, but to be deducted from the amount ordered to be paid by Connah to Patten. Plaintiff then commenced this action in the Marine Court against Connah, upon the order directing her to pay him the amount of rent she owed to Crane, and the Marine Court having decided in favor of the defendant the plaintiff appealed to the Common Pleas.

*Joseph H. Patten*, for the appellant.—I. The order directing Connah to pay the judgment-creditors the debt she owed Crane,

---

room, where he received orders and communications ; but that his general duties were performed upon the docks of said city, wherever the discharging vessels might lie.

*Dan Marvin*, for the plaintiff.

*George Thompson*, for the defendant.

LEONARD, J., held that the plaintiff should show either that the first execution had been returned unsatisfied, or that the second execution had been issued by leave of the court, in order to form a foundation for these proceedings. He also held that the proof of the transaction of business at certain places, as above set forth, did not sufficiently show that the defendant had a "place of business" in said county, within the meaning of the statute.

vested the debt in the judgment-creditors. It did this, or else the court had no power to make the order. (*Code*, § 297.)

II. That the debt after this order was vested in plaintiff is evident. 1. Because his receipt would have been a full receipt for the payment. 2. Crane, after the order, could not have assigned the debt. 3. It could not have been paid to him. 4. He could not have sued for it. 5. If he had sued, he would have been beaten by a plea that she did not owe him any thing, but owed it to plaintiff.

III. A receiver is but an assignee appointed by the court,— if, then, Crane could not sue, his assignee or receiver could not sue, as Connah owed him nothing. (Towson *a.* Watson, *Turn. & Russ.*, 421.)

IV. Section 299 of the Code, by directing " a receiver and a suit, where the debt is denied," precludes the appointment of one where the debt is admitted. (*Code*, § 299.)

V. The appointment of a receiver and a suit would be absurd in a proceeding intended to " aid and expedite a judgment-creditor," in which the debt is not denied.

VI. The Code (§ 244) points out the cases in which a receiver can be appointed. A case like this is not one of them, and is, therefore, excluded.

VII. Unless plaintiff can sue defendant, he has no means of obtaining this debt, as the court has refused an attachment. And, as shown above, a receiver of Crane's property could not sue, and so this debt of Connah's will neither be paid to plaintiff or to Crane, and plaintiff's judgment is cancelled to the amount of five hundred and thirty-seven dollars.

VIII. That the plaintiff has a right to maintain this suit is settled by Paff *a.* Kinney (1 *Bradf.*, 1); Dubois *a.* Dubois (6 *Cow.*, 494); Post *a.* Neafie (3 *Cai.*, 22); 7 *Wentworth Pl.*, 95; Sadler *a.* Robins (1 *Campb.*, 253); and see *Rules U. S. Court*, Washington ed., 36, Rules 8, 10.

*A. S. Van Duzer*, for the respondent.—I. This action cannot be maintained. 1. Is it an action of tort? The defendant has not damaged the plaintiff in any way. 2. Is it an action of contract? where is the privity of contract between them.

II. The plaintiff has mistaken his remedy. A receiver should have been appointed, under § 298 of the Code, and the defend

ant would then be liable to the receiver for the sum originally due to Crane.

By the Court.*—Daly, J.—This is an appeal from the Marine Court, in a suit brought by the plaintiff upon an order of a justice of the Supreme Court in proceedings supplementary to execution; in which proceedings the defendant, Connah, was examined as a debtor of Crane, the judgment-debtor, and on such examination admitted that she owed Crane for rent the sum of $570 to which she had no set-off or claim. The judge, under § 297, ordered her to pay the amount to Patten towards satisfaction of his judgment, and having refused to do so, Patten supposes he has a right to bring a suit upon this order, in the nature of an action of assumpsit. We think not; and that a receiver of Crane's property must be appointed, and the suit brought by him against Connah.

Judgment affirmed.

## CHAMBERLAIN a. DEMPSEY.

*New York Superior Court; Special Term, February,* 1862.

Notice of Judicial Sale.—Undertaking on Appeal.—Justification of Sureties.

A notice of sale, under a judgment of foreclosure and sale, for the 28th of December, 1861, duly published on the 9th, 12th, 16th, 19th, 23d, and 26th of that month, is a publication for "three weeks immediately prior to the time of sale," within the meaning of Rule 73 of the Supreme Court.

When sureties, in an undertaking on appeal, fail to justify on exception, it is as if no undertaking had been given.

Under an order made on the rejection of proposed sureties, granting the appellant ten days' time to file a new undertaking with new sureties, and staying all proceedings on the part of the respondent during said ten days, the appellant must not only file a new undertaking, but procure the justification of his sureties within the time.

It is not necessary for the respondent to except to the new sureties.

A second undertaking duly filed and served under such circumstances, without justification, does not operate as a stay.