## New York Marine Court.

*General Term.—March*, 1879.

### WILLIAM G. McCREA *against* CHRISTIANA COOK.

**Interpleader between assignee and judgment creditors of assignor.**
—One D., on October 22, 1878, assigned a claim to the plaintiff, who brought action thereon against the defendant January 8, 1879. The defendant, on an affidavit showing that the same money was claimed by F. & M., under an order made in supplementary proceedings, commenced on a judgment recovered by them against D. (the plaintiff's assignor) applied for an order discharging the defendant from the action and substituting F. & M., the judgment creditors, as defendants in her place. The supplementary proceedings were commenced November 13, 1878, against the defendant herein, as a third person having money in her possession belonging to the judgment debtor, and culminated in an order made therein January 26, 1879, ordering her to pay the claim herein over to them. *Held* (reversing the order of the special term), that interpleader could not be ordered under such circumstances; that an action cannot be brought upon such an order; and that the judgment creditors had therefore no right of action against the defendant for the recovery of said fund; that if the judgment creditors desired to bring an action, they should have procured the appointment of a receiver, and have made their claim or brought the action in his name. The reasons stated.

The plaintiff sued to recover $445.89, a balance due James Doyle for work done and money paid at defendant's request, claiming the right to recover said balance, under an assignment in writing, bearing date *October* 22, 1878. The defendant, before answering, applied for an order of interpleader, upon an affidavit, stating the complaint in the action had been served on her on or about *January* 8, 1879, and that the said moneys demanded by the plaintiff in this action were claimed by Jacob W. Frank and Charles F. Moeller, as judgment creditors of Doyle, the plaintiff's assignor, under an order made in supplementary proceedings on *January* 20, 1879. The order for the payment of the money was

obtained in a proceeding commenced November 13, 1878, for the examination of the defendant herein ; as a third person having moneys in her possession belonging to the plaintiff's assignor to an amount exceeding ten dollars. The order was founded upon a judgment recovered by Jacob W. Frank and Charles F. Moeller (the claimants herein of said fund), against the said plaintiff's assignor, on or about October 25, 1878. The proceeding, as before remarked, resulted in an order made on January 20, 1879, requiring the defendant herein to pay over the amount in suit, to said claimants. Upon proof of these facts, the justice at the special term, who heard the application for interpleader, granted an order containing the following provision :

"Ordered and decreed, that on payment by the above named defendant, Christiana Cook, to the clerk of the marine court of the city of New York, within five days after the entry of this order, of the amount claimed in the complaint, with the interest thereon herein, less the costs of this proceeding, to be taxed by the clerk of this court, that upon such payment as aforesaid, the said Jacob W. Frank and Charles F. Moeller, be substituted as defendants in this action in the place and stead of Christiana Cook, the defendant herein, and she thereupon be discharged from all liability to either the above named plaintiff, or the said Jacob W. Frank and Charles F. Moeller for the moneys mentioned in the complaint, and from all liability in any manner arising therefrom." From this order the plaintiff appeals.

*James Clarke*, for appellant.

*Abraham Kling*, for respondent.

McADAM, J.—Two objections exist to the order appealed from, which seem to us insurmountable. They will be considered in their order.

*First.* The complaint in the present action having been served on the defendant January 8, 1879, she had

notice then (if she had none before) that the moneys she owed Doyle, had been assigned to the plaintiff.

She had notice of the application for the order requiring her to pay over, and should have presented as an objection to it, the assignment, of which she had previous notice, because, as was said by Judge COWEN, in Muir v. Schenck (3 *Hill*, 232), "The arrest or attachment of a debt in the debtor's hands, by any creditor of the assignor, will not entitle such creditor to a priority of right, if the debtor receive notice of the assignment *pendente lite*, and in time to avail himself of it in discharge of the suit against him."

The assignment created, at least, a *dispute* whether the defendant was indebted to Doyle or his assignee.

If the assignment was valid, the debt was not due to Doyle, but to McCrea, his assignee, and if, on the other hand, the assignment was invalid, and McCrea got no title to the fund claimed, still the claim under the assignment created such a dispute of title, that the question of its validity could not be tried and determined upon a summary application to pay over, made in a proceeding to which the assignee was not even a party (West Side Bank v. Pugsley, 47 *N. Y.* 368). Indeed, the court of appeals, in the case last cited (at pp. 373, 374) hold, that the provisions of section 297 of the Code, authorizing " the judge to direct that any property of the judgment debtor in the hands either of himself or any other person, or due to the judgment debtor, be applied toward the satisfaction of the judgment," etc., apply only to *property* or "specific" moneys, and do not comprehend or authorize the collection, in that summary mode, of ordinary debts. In view of the facts a payment by the defendant, even under the rder directing him to pay over, would be regarded as oluntary payment, and inoperative as to the plaintiff s assignee (Richardson v. Ainsworth, 20 *How. Pr.* 21). The assignment of Doyle to McCrea was cer-

tainly good as between them (Sheridan v. Mayor, &c. of N. Y., 68 *N. Y.* 32), for in the language of the the courts of appeals in that case, "it is enough if the plaintiff has the legal title to the demand, and the defendant would be protected in a payment or recovery by the assignee." It will not be seriously contended that if the defendant had paid the plaintiff prior to the order made on January 20, 1879, that such payment would not have fully protected her. The order made in supplementary proceedings on that day does not, under the circumstances, alter the *status* of the parties.

It does not even appear that the execution had been returned when the third party order was served on the defendant, so as to give the proceeding even the color of an attack by judgment creditors with executions *returned unsatisfied*, who in law were alone qualified to question the *bona fides* of the transfer to the plaintiff (Bishop v. Halsey, 3 *Abb. Pr.* 400), no specific lien having attached an account of the assignment.

*Second.* The claimants to the fund, Frank and Moeller, acquired no such title to it by the order as enabled them to contest the plaintiff's right under his assignment. Substitution by interpleader cannot be ordered when it is certain that the only question to be litigated is, whether plaintiff or a third person is the true owner of the property, and where the defendant, as in this case, is absolutely liable and is precluded from setting up the title of a third person as a defense (Sherman v. Partridge, 4 *Duer*, 646 ; 1 *Abb. Pr.* 256 ; Fletcher v. Troy Savings Bank, 16 *How. Pr.* 383). In Patten v. Connah (13 *Abb. Pr.* 418), the former sued Connah in the marine court to recover $570, claimed to be due from him under an order made in supplementary proceedings by a justice of the supreme court. The marine court decided that the plaintiff had no right of action. The plaintiff, feeling aggrieved, appealed to the New York common pleas, and that court

McCrea v. Cook.

(Present, DALY, F. J., BRADY and HILTON, JJ.) per DALY, F. J., rendered the following opinion : "This is an appeal from the marine court, in a suit brought by the plaintiff upon an order of a justice of the supreme court in proceedings supplementary to execution ; in which proceedings the defendant, Connah, was examined as a debtor of Crane, the judgment debtor, and on such examination admitted that she owed Crane for rent the sum of $570, to which she had no set-off or claim. The judge, under section 297, ordered her to pay the amount to Patten towards satisfaction of his judgment, and, having refused to do so, Patten supposes he has a right to bring a suit upon this order, in the nature of an action of assumpsit. We think not ;* and that a receiver of Crane's property must be appointed, and the suit brought by him against Connah. Judgment affirmed." No receiver has been appointed in the present case, and, under the above decision, it is clear that Frank and Moeller could not have maintained an action against the defendant, and having no right of action against her, she cannot be allowed to step out of the plaintiff's action, and substitute in her place persons, who, under the authorities just cited, have no such claim to the fund in question as entitles them to appear as parties litigant concerning it. The defendant's counsel insists that Fletcher v. Troy Savings Bank, *supra*, is an authority sustaining his client's position.

We have examined that case, and find that the court (per HARRIS, J., 14 *How. Pr.* 384) says : "I think the *receiver* who claims the fund should be substituted as defendant."

This agrees substantially with what Judge DALY said, in Patten v. Connah, *supra :* "A receiver must

* Where an order is made against a party to an action, and there is no other mode of enforcing it, an action of debt will lie (see **Higgins** *v.* Callahan, 354, *ante.*)

first be appointed." No receiver has been appointed on the judgment upon which the application herein is based, and consequently there is no such person to introduce into this record. It is useless to pursue the matter further. It is clear, upon principle and authority, that the order for interpleader was erroneously made, and that it must be reversed, with $10 costs and the disbursements of the appeal.