## SUPREME COURT.

### LAZARUS S. MURAD, respondent, agt. ELLIS R. THOMAS, impleaded, &c., appellant.

*Contempt — Commitment for — Discharge from imprisonment on habeas corpus — Prisoner not privileged as a party in attendance upon such proceeding so as to relieve him from arrest under a further commitment for same contempt — Practice — Code of Civil Procedure, section 3043.*

A defendant who while seeking release upon *habeas corpus* from imprisonment under a commitment for violation of an injunction on the ground of insufficiency of the commitment itself, is not entitled to be released from a further commitment, immediately succeeding his discharge, for the reason that he was privileged as a party in attendance upon the other proceeding.

*First Department, General Term, June,* 1883.

*Before* DAVIS, *P. J.,* DANIELS *and* BRADY, *JJ.*

APPEAL from an order denying a motion to set aside a commitment.

*S. Cooke,* for appellant.

*S. F. Kneeland,* for respondent.

DANIELS, *J.* — A fine had been imposed upon the defendant by an order of the court because of his violation of an injunction, and his commitment was ordered until he should pay the fine or be otherwise sooner discharged by the court. Under this order a commitment had been issued upon which the defendant was arrested and committed to prison, and he applied for his discharge from the imprisonment by *habeas*

Murad agt. Thomas.

*corpus* on the ground of insufficiency of the commitment itself. During the pendency of that proceeding he was committed to the custody of his counsel and appeared in person, when it was finally decided and an order made for his discharge. Immediately succeeding this order a further commitment was issued, upon which the defendant was at once arrested, and he applied to be relieved from that arrest for the reason that he was a party in attendance upon the other proceeding. But for all the purposes of the case, he continued in custody from the time when he was brought before the judge by the *habeas corpus* until the order was made for his discharge. Theoretically, as well as in fact, he was during the whole time under restraint, and could not therefore entitle himself to be relieved from the second commitment on any ground of privilege from arrest. This second commitment was issued to supply the defects found to exist in the one which preceded it, and for that reason it was sanctioned by the practice of the court (*Snyder* agt. *Van Ingen*, 9 *Hun*, 569). It was warranted by the order itself, which directed the effectual imprisonment of the defendant until he should pay the fine imposed upon him or be otherwise discharged, and that, under the circumstances, could only be secured by issuing and executing the second commitment.

It was also objected in support of the application that the present commitment was not a legal exercise of the authority of the court, but the fact that it may have contained a statement of more than was necessary to carry the order into effect, can in no way impair its efficiency. It did fully recite and set forth the substance of the order, and in that manner clearly showed the liability of the defendant to imprisonment. And that other additional matters were stated tending further to support the plaintiff's right to commit him to custody, in no manner invalidated or abridged the effect of the commitment. It was very full and complete, and the case of *The People* agt. *Bergen* (6 *Hun*, 267), is not an authority in any manner relieving the defendant from imprisonment under the

commitment.    There it appeared that there was no legal foundation for the order itself, while in the present case the validity of the order cannot be drawn in question (*Rodriquez* agt. *East River Savings Institution*, 76 *N. Y.*, 316).

As the commitment was issued it fully complied with all that the settled practice of the courts has at any time required on this subject (*People* agt. *Nevins*, 1 *Hill*, 154; *Shank's case*, 15 *Abb*. [*N. S.*], 39).

It is not very important to consider whether the proceeding is under the Code or the Revised Statutes.    For in either case the right to imprison the defendant for the violation of the injunction has been secured (3 *Rev. Stat.* [*6th ed.*], 856, *sec.* 1, *subs.* 3, 8).    For the injunction was a lawful mandate as that has been defined by subdivision 2, section 3343 of the Code.

The order from which the appeal has been taken seems to have been well warranted, and it should be affirmed, with the usual costs and disbursments.

Davis, P. J., and Brady, J., concur.