BUMPUS *vs.* MAYNARD, Sheriff, &c.

The necessary wearing apparel of every debtor is exempt from levy and sale on execution.

THIS action was brought in a justice's court, against the defendant, sheriff of Onondaga county, for not collecting an execution delivered to one of his deputies, issued on a judgment recovered by the plaintiff against one Losee, as he might and ought to have done.   It was proved on the trial that a judgment had been recovered by the plaintiff against said Losee, on confession, in the supreme court, for the sum of $164.61, on the 27th day of May, 1859; that an execution issued on that judgment was delivered to one Salsbury, a deputy of the defendant, and that it was returned *nulla bona* on the same day it was issued.   It was also shown, on

the trial, that on the morning of the 30th of May, 1859, said Losee was in bed in a hotel in the county of Onondaga; that the deputy having the execution went into the room where Losee lay, and inquired for property to apply in satisfaction of the execution. Losee informed him that a trunk in the room was his, and one of two watches which lay on a table. The clothes of Losee and one Merril which they had worn the day before were in the room, but those belonging to Losee were not pointed out, nor was his watch. The clothes of Losee were shown to be his necessary wearing apparel.

The plaintiff was permitted to prove, and did prove, the value of the watch and wearing apparel above mentioned, and the jury rendered a verdict for the value of all the articles proved, thereby including the value of the clothes. The defendant appealed to the county court of Onondaga county, and the judgment of the justice was reversed. The plaintiff appealed to this court.

*Gardner & Burdick,* for the appellant.

*L. H.* and *F. Hiscock,* for the respondent.

*By the Court,* MULLIN, J. On the trial the plaintiff proved the value of every article of clothing found in the room where Losee, the defendant in the execution, slept. These articles included the articles of wearing apparel necessary to cover the nakedness of Losee, and the judgment is for the whole value thus proved. If the necessary clothing of the debtor is not liable to execution, the judgment is erroneous and should be reversed.

Losee, not being a man of family, is not within the statutes exempting property from execution. If the clothing of a man without family is exempt, it must be by common law or by virtue of some principle of justice and policy that renders such exemption both proper and necessary.

It was a misdemeanor, at common law, for a man publicly

to expose his naked person. It is still an offense, and punishable as such. Now if an execution creditor is entitled to take all the wearing apparel of the debtor, the latter is compelled to make such exposure of himself, or he is entitled to remain in the place where he may be found, until sufficient clothing is obtained. What private person—what keeper of a public house—is required to keep and board and clothe a debtor who may have stopped in his house? I know of none. Yet if the debtor is not entitled to such protection, the person in whose house he may be may lawfully turn him into the street naked; thus violating the law, and offending the moral sense of the community. Can it be that the law will permit such results, in order to enable a creditor to enforce the payment of his debt? If any such right has heretofore belonged to the creditor, it is time that it was declared, that the citizen is entitled to have exempt from seizure and sale on execution so much clothing as is reasonably necessary to prevent the indecent exposure of his person, and himself from suffering.

The Jewish law, more humane than the codes of christian nations, provided that when a coat was pledged it should be returned before night, to the end that the pledgor should have it for his covering in the night.

I do not believe the common law, harsh and severe as it undoubtedly was in enforcing the claims of creditors, was either so cruel or unjust as to strip the debtor of his last garment and leave him poor and naked, in violation of common decency, and to the endangering of the life and health of the debtor. In *Comyn's Digest,* (*title Process, D.* 6,) it is said that an attachment against a party for disobedience of process, or in chancery formerly, when an attachment might go against a party who neglected to appear, after service of subpœna, could not be levied on *his apparel* or on *the horse which he rode,* if he had other goods. But wearing apparel might be taken on distress for rent. (1 *Esp.* 206.) Before the passage of 2*d William and Mary, chap.* 5, the landlord

Bumpus *v.* Maynard.

could only hold the goods and chattels taken by distress for rent, by way of pledge until the rent was paid. It would seem that while the law remained thus, wearing apparel was not liable to be taken by distress, because, as Lord Coke says, things in actual use cannot be distrained for rent. But by chapter 5, 2*d William and Mary,* the landlord was authorized to sell the distress. And Lord Kenyon says, in *Bissel* v. *Caldwell,* (1 *Esp.* 206, *note,*) that since that statute wearing apparel may be distrained. And in the case cited he nonsuited the plaintiff, who sued the landlord for seizing the wearing apparel of himself and family on distress for rent. It was held by Lord Holt, in *Hardesty* v. *Barney,* (*Comb.* 356,) that upon *fieri facias* the sheriff may take any thing but wearing apparel; "nay, if the party hath two gowns, he may take one of them." In 2 *Cowen's Treatise,* 3*d ed.* 521, Judge Cowen gives it as his opinion that the exemption of wearing apparel existed at common law, and says it still exists, for aught he has seen to the contrary. In *Sewall on Sheriffs,* 242, it is said that the sheriff cannot seize or sell wearing apparel actually in use, belonging to the defendant, but if the party has two gowns he may take one of them.

I have been unable, after a good deal of search, to find any case which intimates a doctrine contrary to that which I have stated. It seems to me, therefore, that we must hold wearing apparel *in use* exempt from execution. These words " *in use*" might raise a doubt whether the authorities cited intended to go further than to hold that the clothes actually on a debtor's person cannot be taken. Parsons, Ch. J. in *Cook* v. *Gibbs,* (3 *Mass. Rep.* 193,) says a *fieri facias* at common law is issued against the goods and chattels of the debtor without any exception ; but if the sheriff were to strip the debtor's wearing apparel from his body he would be a trespasser, for such apparel when worn is not liable to the execution.

*Sunbolf* v. *Alford,* (3 *Mees. & Welsb.* 248,) was an action of assault and battery, against an innkeeper, under the fol-

lowing circumstances : The plaintiff and several others went to the defendant's inn and called for and were furnished tea &c. to the amount of 11s. 3d., and after they had finished their supper the defendant demanded his pay, which being refused, he took hold of the plaintiff and took off his coat and retained it as a pledge until the debt was paid. The plea setting up these matters in bar was demurred to and sustained. Lord Abinger, after saying that an innkeeper had no lien on the person of his guest, for his debt, says a man's clothes cannot be taken off his back in execution of a *fieri facias.* Parker, B., speaking to the same point, says : " There is at all events no power to do what the plea justifies, namely, to strip the guest of his clothes ; for if there be, then if the innkeeper take the coat off his back and that prove to be an insufficient pledge he may go on, and strip him naked, and that would apply either to a male or to a female. That is a consequence so utterly absurd that it cannot be entertained for a moment. Wearing apparel on a man's person (even if it does not extend to goods in the possession of the person) cannot be taken under a *fieri facias* or under an extent." Bolland, B. says : " I have always understood the law to be that the clothes on the person of a man, and in his possession at the time, are not to be considered as goods to which the right of lien can possibly apply. The consequence of holding otherwise might be to subject parties to disgrace and duress, in order to compel them to pay a trifling debt which after all was not due, and which the innkeeper had no pretense for demanding."

We may consider, I think, without militating against the principle contended for by the defendant's counsel, that the property actually on the person of the debtor cannot be taken on execution. But it does not follow that necessary clothing when off the person temporarily may be taken. The learned judges deciding *Sunbolf* v. *Alford* assign as a reason why an innkeeper should not have the right to take the clothing off the guest's back, that it would result in stripping him or her

naked—a result which they deem so absurd that it cannot be entertained for an instant. Yet the same result follows if the wearing apparel, laid off by the owner on retiring for the night, may be seized and sold. Why then permit the exercise of a power that produces such results. The same reasons which forbid taking the clothes from the person forbid their being taken from the owner's room when found off his person, if they are necessary to prevent his being left naked. And the cases cited may stand without at all interfering with the rule which exempts the necessary clothing when off the person.

The case of *Bowne* v. *Witt* (19 *Wend.* 475) is not an authority against the exemption claimed in this case. There the action was by Bowne against the constable for seizing, upon an execution, the plaintiff's cloak. The plaintiff claimed it was exempt under the statute (2 *R. S.* 254, § 169, *2d ed.*) which exempts the wearing apparel of a householder and his family. It appeared that the plaintiff was a man of some 40 years of age, living with his stepmother, who owned a house and farm and had a family of eight persons. The plaintiff asked the court to charge the jury that under the circumstances stated he should be deemed a householder. This the court declined to do, but submitted the question to the jury, who found for the defendant. This court, on error, held that the plaintiff was not a householder, and therefore not entitled to the benefit of the exemption. It is quite obvious that the question now under consideration was not raised in that case. Yet the principle contended for would have decided that case in favor of the plaintiff if it had appeared that the cloak was a necessary article of wearing apparel, and the point had been raised. But the fact essential to present the question was not proved, nor was the attention of the court called to the point. For these reasons, the case is not an authority against the exemption contended for.

While then there is much to recommend the exemption of necessary wearing apparel from levy and sale on execution, I

can perceive no argument, founded either on principle or policy, against it. If I am right in considering such exemption as allowed by the common law, that rule has never been overturned, so far as I can find, by any decision of the courts, or legislative enactments. By giving effect to it we prevent the necessity of indecent exposure and personal suffering ; we give effect to the benevolent spirit of our religion, and the humane tendency of the age in which we live ; we shield the poor and unfortunate debtor from disgrace and unreasonable annoyance, while, in ninety-nine cases out of every hundred, we do no serious injury to the creditor. The amount that any man can invest in a single suit of clothes is so small, that the withholding it from the creditor can work no injustice. While I am in favor of giving to the creditor all reasonable means to enforce the collection of his debts, I cannot consent that he shall have the power to strip his debtor naked, and leave him an object of pity and disgust to others.

It may be said that when the legislature enacted the law exempting the wearing apparel of a householder and his family, they must have understood the law to be that such property was not then exempt, and that for that reason the statute was necessary. In other words, if by the common law the property of every person was exempt from levy, then the statute exemption was wholly unnecessary. A moment's reflection will, I think, satisfy any lawyer that there is no particular force in the argument. The clothing of the wife and minor children is, in law, the property of the husband and father. On an execution, therefore, against the father, the clothes of the wife and children might be seized, even if his own clothing was exempt. It was essential, therefore, to exempt the clothing of the members of the family, or they would have been subject to seizure. The clothing of an adult, although a member of a family, not being himself a householder, is not exempt under the statute, because it is not the property of the householder. (19 *Wend. cited supra.*)

Upon principle, as well as upon authority, I am of the opinion that the necessary wearing apparel of every debtor is exempt from levy and sale on execution; and that therefore the judgment of the justice was erroneous, and the judgment of the county court reversing it should be affirmed.

Judgment affirmed.

[ONONDAGA GENERAL TERM, July 2, 1861. *Bacon, Allen, Mullin* and *Morgan,* Justices.]