Peckham, J.
 

 It is insisted that this order is not appealable, but that the appeal should have been taken from the other orders, if erroneous, and not attempt to set them aside upon motion to the court.
 

 The orders sought to be set aside were made in a sort of supplementary proceedings against defendant Pugsley as a judgment debtor. They were made before a judge out of court, and resulted in the order of September 29, peremptorily requiring the ofiicers of the Sixth National Bank to pay this $1,062.37 to the sheriff having the execution against Pugsley
 
 “
 
 within twenty-four hours after the service of a copy of this order, or that they be committed as for a contempt until the said order be complied with.” Both of these orders seem to be proceedings with a view to punish said defaulting bank
 
 *372
 
 as for a contempt in not paying said money; and the last one orders that all of the officers be sent to jail as for contempt, there to remain until they pay.
 

 As these orders were made by a judge out of court, it seems to be regular practice to move to set them aside, if erroneous, before a court. The counsel for the Sixth National Bank has cited numerous cases to that effect. True, the Code has provided that, “ for the purpose of an appeal, any party affected by such order may require it to be entered with the clerk, and it shall be entered accordingly.” (Code, as amended in 1870, § 350.)
 

 But this does not deny the other remedy. It does not assume to deprive the party aggrieved of his right to make a motion to a court to set aside the order of a judge made out of court.
 

 This order, then, is appealable. Is it right upon the merits ? I think not, upon two grounds.
 

 The Sixth National Bank had denied, and under oath, that it owed anything to Pugsley, the judgment debtor. In the language of the Code, had denied
 
 “
 
 the debt.” In such case, the Code declares that “ such interest or debt shall be recoverable only in an action against such person or corporation by the receiver.” (Code, as amended in 1849, § 299.)
 

 When the bank denied owing this alleged debt to the judgment debtor, the judge had no legal right to proceed to examine, in that summary way, whether it did owe such debt or not. He had no authority, no right whatever, thus to make any such determination. The law had provided another remedy, by action by a receiver, where the rights of the parties could be determined in the usual course of a suit at law.
 
 (Rodman
 
 v.
 
 Henry,
 
 17 N. Y., 484, and cases cited.)
 

 Another reason: These orders required the officers of this bank to pay, or be sent to jail as for contempt, and there remain until they paid. It is difficult to believe that the legislature has intended to revive, in its most offensive form, this condemned remedy of imprisonment for debt. We cannot believe, and cannot adjudge, that the legislature intended
 
 *373
 
 to revive this odious mode of collecting debts, unless it is plainly so declared.
 

 True, the Code provides that
 
 “
 
 the judge may order any property of the judgment debtor * * * in the hands either of himself or any other person, or due to the judgment debtor, to be applied toward the satisfaction of the judgment.” (§ 297.)
 

 There is another provision, that, “ if any person, party or witness disobey an order of a judge, * * -x" duly served, such person "x* "x" * may be punished by the judge as for contempt; but, in case of inability to perform the act required, or to endure the imprisonment, he may be discharged by the court or judge committing him, or the court in which the judgment was recovered, on such terms as may be just.” (§ 302.)
 

 To hold that this authority extends to the collection, by these summary proceedings, of an ordinary debt due to the judgment debtor, invests a judge with a justly dreaded power over the liberty of an embarrassed or insolvent debtor. A party in extensive business, with many debts due to him, has only to allow a judgment to be recovered against him, and he may collect his desperate debts by this severe machinery.
 

 He may send the debtor to jail, and then he may discharge him, according to the sense of justice the judge may entertain. Inability to pay is thus made punishable with imprisonment, longer or shorter, depending upon the length of notice for discharge that the imprisoned debtor must give, the ability to reach the case in its regular order of business, the time the judge may hold the cause under consideration before deciding it, and the sense of justice the judge may entertain as to the propriety of discharging the debtor; a harsh remedy for this age.
 

 It is not necessary, by any provision of the Code, that the debtor should be able to pay, to justify an order by the judge requiring him to do so. It is sufficient that he owes a debt to the judgment debtor. The judge may then not only order him to pay it, but commit him to jail for not doing so. Simple inability to pay is not, then, ground for a discharge,
 

 
 *374
 
 otherwise the act would have so declared; but, if utterly unable to pay, he can then be discharged only upon such terms as to the judge may seem just. First send him to jail, and then let him get out by due process of law, always provided that he can comply with such terms as the judge may deem just.
 

 If these provisions as to
 
 “property
 
 of the judgment debtor in the hands of himself or any other person or
 
 due
 
 to the judgment debtor,” in section 297, be confined to property other than debts, choses in action, as we then think, these proceedings are without authority.
 

 This would give authority to the judge to order a person who has possession of goods, or. of specific money belonging to the judgment debtor, or, as the statute says,
 
 “
 
 due to him,” to deliver it over to the sheriff, to be applied to the satisfaction of the judgment. It not being denied that the property did, in fact, belong to the judgment debtor, the refusal to deliver it over as ordered would be a willful contempt of the judge’s order. It is a very different principle to apply this doctrine of contempt to the collection of debts. The principle of imprisonment for debt was abolished some forty years ago in this State, deliberately, and we are not disposed to revive it by uncertain implications. Therefore, the order appealed ' from must be reversed, and the motion to set aside the orders of the 12th of Hay and the 29th of September is granted, with costs.
 

 All concur, except Allen, J., who thinks the remedy was by appeal from the original orders.
 

 Ordered as above directed.