Daly, C. J.
This is an application in proceedings supplementary to execution for an order directing the comp- - troller to pay over to the plaintiff a check for §2,500, drawn upon the Chatham National Bank by the president of the bank, and payable to Satterlee, the defendant, in the supplementary proceedings under the following state of facts : Satterlee was desirous of obtaining from the department of public works a contract for building a reservoir in the 24th ward, in this city, which by the statute, has to be awarded to the lowest bidder. In compliance with the rules of the department of public works he had, to enable him to put in a bid, to deposit with the department the sum of $2,500, as security for the performance of the contract if awarded to him. To enable him to do this he suggested to Louis Joy, whose business it has been to supply Italian laborers to contractors, that if he, Joy, would furnish the $2,500, to-enable Satterlee to put in proposals for the contract, Satterlee would, if he obtained the contract, aid him by employing some of the Italian laborers under his control, in executing the contract; no agreement to that effect it is stated was entered into, but Joy, in expectation of Satterlee’s doing so, if he obtained the contract, told Satterlee that he would procure the amount and deposit it with the comptroller, but that it was to remain his money, and be returned to him if Satterlee did not get the contract. Joy then procured the check referred to, to be drawn by the president of the Chatham Baiik, payable to the order of Satterlee, and brought it to Satterlee that he might indorse it, which he did, by writing his name on the back of it, without, as he swears, looking at the face of the check, or knowing by whom it was drawn. Joy then took the check, together with Satterlee’s written proposals for the contract, and deposited both in the department of public works, received from the deputy of tlie commissioner of public works a written acknowledgment of the receipt, by the department, from Satterlee, of the $2,500 upon his proposal or bid for the contract. Joy then took the receipt to Satterlee and got *313 him to endorse his name on the .back of if, which being done, Joy kept it for his security.
The contract was awarded to another than Satterlee, but before the mo.ney. was obtained from the comptroller, into whose hands it passed, upon the awarding of the contract, an order was obtained in the supplementary proceedings enjoining the comptroller from parting with the check, until the further order of this court, and the application is now made by the plaintiff in supplementary proceedings for an order that the check may be applied in part payment of his judgment, which application is resisted by Joy, who claims that this money is not to be applied towards the satisfaction of Sattcrlce’s debts, but is to be restored to Joy, as the contract for the reservoir was not awarded to Satterlee. Satterlee swears that Joy had no interest.in the contract beyond what is above stated ; that he gave him no consideration for the §3,500 ; that Joy did not owe him anything, and Joy testified that he had no interest in the contract, beyond that he hoped and believed that he would have the furnishing of laborers for the work on the reservoir, if Satterlee obtained the contract for building it; that he took the money from the East River Bank, where he had it on deposit, intending to deposit it in bank bills in the department of public works, but afterwards concluded to obtain instead the certified check of the president of the Chatham Bank ; that the name of Satterlee had to be used because the proposals were in his name, that being the rule of the department; that Satterlee never had the money or the possession of the check, except so far as to enable him to indorse his name upon the back of it; that Satterlee neither looked at the face of the check or upon the face of the receipt when he indorsed his name on the back of both ; that he, Joy, never surrendered either to Satterlee, or agreed to loan him the money, or to use the same for any object except for the special purpose already stated ; and he swears substantially, in effect, that he kept the check in his possessin until he deposited it with *314 the department, and the receipt afterwards, for his own security.
The plaintiff relies mainly for the granting of the motion upon a special term decision of Judge Clerke, Salter v. Weiner, 6 Abb. Pr. 191." In that case the defendant was arrested and held to bail in the sum of $500, and being unable to* find bail, a third party, in order to keep the defendant out of jail, upon the defendant’s promise to refund the money when bail should be put in by him, gave him $500 in gold, which the defendant deposited with the sheriff, in lieu of bail; afterwards the defendant obtained bail, who justified,' upon which the third party applied to the court for an order for the repayment to him of the amount deposited with the sheriff. Judge Clerke denied the motion, declaring that if the money belonged to the third party, at the time it was deposited with the sheriff, “ it became, by that deposit, the property of the defendant in the action ; that it was loaned money, and that loaned money is the property of ihe loanee.” It was in effect holding, that the money had to remain in the action, and could be applied by the plaintiff in payment of any judgment he might recover against the defendant thc-iein.
It appears from the report of this case, that it was decided orally, and no consideration appears to have been given to the fact that the money was ceposited with the sheriff by the third party. Meyer, as appears by the report, in order to keep the defendant in the action out of jail, and upon the express promise by the defendant that when he put in bail, the money in the sheriff’s hands should be returned to Meyer, all that the plaintiff was entitled to, was the right to imprison the defendant unless he put in bail for his appearance, and as the defendant afterwards did this and thereby complied with all that the plaintiff could require of him, it is difficult to see what right the plaintiff had to the money which the defendant’s friend gave to deposit.
Not only is no authority referred to by Judge Clerke for this decision, but it was in direct conflict with the case *315 :of Nunn v. Powell (1 J. P. Smith, 13), where a certain sum of money was deposited for the defendant by a third person -in lien of bail to the sheriff, and special bail having after-wards been perfected, the court ordered the money to be repaid, not to the defendant, but to the person who made the deposit, although the statute (43 Geo. III., c. 46, § 2) declared, that in perfecting bail, the court should order the "money deposited with the sheriff to be repaid to the defendant. The court held that it was practically complying with .the statute, to order it to be repaid after the perfecting of special bail, to the third party to whom it then properly belonged, which decision was many years afterwards approved by Baron Parke in Bull v. Turner ( 1 Tyr. & G. 367), and is stated by Tidd to be the practice, in these words: “ Or if the deposit was made by any other person than the defendant, the court will, upon bail above being put in and perfected, or the defendant surrendered, order it to be repaid to the bail or other person by whom it was actually deposited, and not to the defendant” (1 Tidd. Pr. 228, 9th Lond. ed.; and see also 1 Arch. Pr. 76).
In addition to this, Judge Brady having declared (Hermann v. Aaronson, 8 Abb. Pr. N. S. 158), that Judge Clerke’s decision was reversed by the general term, I sent to inquire of A. B. Dyett, who was the counsel for the third party in that case, if such was the fact, who, by his note in reply [which was annexed to this opinion] says that the decision was reversed by the general term of the supreme court, May 18,1858, and that the appellate court ordered tlie money to be paid to Meyer, the third party, who had given it to the defendant to deposit in lieu of bail, upon the ground that it was, when applied for, his money, and could not then, as Judge Clerke had held, be regarded as loaned ,to the defendant.
The court of common pleas, in the case of Edelston v. Adams (2 Moore, 610 ; S. C., 8 Taunt. 557), where money .was deposited by a third person with the sheriff in lieu of bail,, under .the 43 Geo. III., c. 46, § 2, and he paid it over *316 to one of the officers of the court, held that it was then in custodia legis / that the court could not be called upon where there were conflicting claims to it, to determine to whom it belonged ; that the only power which, the court had, under the statute, after the putting in and perfecting of special bail, was to order it to bo refunded to the defendant; and the same court went further in the subsequent case of Bull v. Turner (1 Tyr. & G. 367), in which it was held that if the money was deposited in court in lieu of-bail, it must remain there to abide the event of the action, though deposited by a third person for the defendant’s benefit, and although the defendant had surrendered himself into cus•tody ; that if the plaintiff recovered it was payable to him, iti discharge of his debt, but if the defendant obtained judgment, it was then to be returned to the defendant. Baron Paeke in that ease recognized the correctness of the prior decision, to which I have referred, of Nunn v. Powell (1 J. P. Smith. 13), but drew a distinction between the payment of money to the sheriff and the payment of it into court, in lieu of bail, holding that in the former case the third party was entitled to it. upon perfecting of special bail, but iu the latter ease that the money must remain in court.
In the court of the king’s bench, however, it was decided otherwise, in the ease of Douglass v. Stanbrough (3 Ad. & El. 316). In that case a third party deposited money into court for the defendant iu lien of bail, under 7 and 8 Geo. IV., c. 71, § 2. The defendant having subsequently surrendered himself into custody, the qolaintiff and the defendants were required to show cause why the money should not be paid out of court to the third party. It was opposed by the plaintiffs on the ground that, under the statute, the application must come from the defendant himself, and also because the defendant had not put in special bail, but had only surrendered himself into custody. The defendant also appeared, but did not oppose the motion, and under those circumstances the court held, to satisfy the statute, that they would regard the case as coming before *317 them as upon an application made by the defendant; that the surrendering must be considered equivalent to putting in and perfecting special bail; and they accordingly ordered the money to be paid out of court to the third party, who had deposited it.
II. General Term; January, 1885.
The order of the special term of April 17, 1884, denied the plaintiff’s motion for the delivery of the check to the sheriff, also his alternative application for the appointment of a receiver, and further directed the comptroller to deliver the check to the claimant, Joy.
. From this order, the plaintiff appealed to the general term.
Chauncey S. Truax, for the appellant. —
I. The money, deposited by Satterlee with the comptroller as security for his bid, was necessarily Satterlee’s money. He it was who was required to make the deposit: Whether he borrowed the money, or not, makes no difference. As to himself and third persons, money borrowed is the property of the borrower, and the lender lias only his right of action for the debt. It is loaned money, and loaned money is the property of the loanee—money cannot be loaned by one person to another for any purpose whatever, and still remain the property of the lender. See Hermann v. Aaronson, 3 Abb. Pr. N. S. 389 ; aff’d in 8 Abb. Pr. N. S. 155 ; where it was held that where money wras deposited in lien of bail, “ the fact that such money was the property of a third person and was deposited under a special receipt, stipulating that it should' be returned on the surrender of tlié defendant, can make no difference.' A deposit made in lieu of bail from whatever source derived, must be treated as between the plaintiff and defendant as the property of the defendant.” In Dunlop v. Paterson Fire Ins. Co., 12 Hun, 627 ; aff’d 74 N. Y. 145, it was held that money deposited with the clerk of the court in lieu of an undertaking on appeal is liable to an attachment in an action by a third person against the defendant. In Bell v. Palmer (N. Y. Super. Ct., July 10, 1883), Fkeedman, J., where a third person had let the defendant (a judgment debtor) take her check simply for the purpose of depositing the same in his bank, which the defendant did, and the money stood to his credit, Judge Fkehdman granted plaintiff’s motion for an order directing that the bank apply the money on account of plaintiff’s judgment upon the ground that it became the defendant’s money.- See, also, Bull v. Turner, 1 Tyrh. & G. 367.
*317 My conclusion, after this reviewal of the authorities, is that it was entirely competent for Satterlee and Joy to agree that the certified check payable to Satterlee’s order should be deposited by Joy in the department of public works to enable Satterlee to obtain the contract for the building of the reservoir; that if he did obtain it he was to have the full use and benefit of the $2,500 in the execution of the contract; but that if it was awarded to another, then the check was to be restored to Joy. I see nothing objectionable in law or in morals in the deposit of the check in Satterlee’s name upon this understanding, as the rules of the department required that the money should be deposited in the name of the person bidding for the contract; and my further conclusion is that the plaintiff in these proceedings has no right to have this check for $2,500 applied towards the payment of his judgment, upon the ground that it is money belonging to Satterlee, which it was not intended to be, unless Satterlee should obtain the contract for the building of the reservoir, which he did not.
The application therefore must be denied.
II. The receipt taken from the department of public works, shows that the money was received from Satterlee. By section 65, chap. 410, Laws of 1882 (the X. Y. City Con-: solidation Act), it is distinctly provided that “ within three days after the decision as to who is lowest bidder, the comptroller shall return all the deposits made to the persons making the same.” Under this provision, the comptroller liad in his possession at the time of the service upon him of the third party order, a certified check belonging to the judgment debtor, and which he was bound to return to him.
T. C. Cronin, for the claimant, Joy, respondent.