### GALLAGHER v. O'NEIL.

*(City Court of New York, General Term.* December 27, 1888.)

1. CONTEMPT—APPEAL—DISCHARGE ON HABEAS CORPUS.
   One committed for contempt may prosecute an appeal from the order of commitment, though he has been discharged on *habeas corpus.*

2. SAME—REFUSAL TO DELIVER PROPERTY TO RECEIVER—DISPUTED TITLE.
   An order adjudging defendant in contempt for refusal to deliver certain property to a receiver in supplementary proceedings is void where it is shown that title to the property is in dispute.

3. SAME—POWER TO PUNISH—AMOUNT OF FINE.
   Where there is no proof of loss to creditors, an order committing defendant for refusal to deliver property to the receiver, until he pay a fine of $500, is erroneous, since, under Code Civil Proc. N. Y. § 2284, a court can summarily fine a party for misconduct only to the amount of $250 and costs.

Appeal from special term.

Upon the conclusion of the defendant's examination in supplementary proceedings, an order was made appointing a receiver of his property. The order contains the following special provision: "And the said judgment debtor is hereby ordered to deliver to said receiver all his property, debts, equitable interests, rights and things in action, effects and estate, real and personal, not exempt by law from execution, and more particularly the fixtures, stock in trade, and receipts of the saloon No. 757 Third avenue, in the city of New York." The receiver made demand upon the defendant to deliver over in accordance with this provision, and upon the defendant's failure so to do moved to punish him for contempt. The defendant swore that he did not own the saloon referred to in the order, that it belonged to his wife, and that a Mrs. Conway had an interest in it, and that the only interest the defendant had therein was as employe on a salary of $15 per week. The court, at special term, made an order adjudging the defendant in contempt for refusing to deliver the saloon to the receiver, fined him $500 for his misconduct, and directed that the defendant be imprisoned for 30 days, and until he paid the fine imposed. The defendant was imprisoned under the commitment provided on this order, and obtained his liberty under a writ of *habeas corpus,* in which proceeding it was adjudged by the supreme court that "the commitment and order on which it was based were void, because they were in excess of the jurisdiction of the justice who made said order and directed said commitment." The present appeal was taken by the defendant from the order for commitment above referred to.

Argued before MCADAM, C. J., and NEHRBAS and BROWNE, JJ.

*D. W. Newberger* and *E. Fikman,* for appellant. *J. A. Cantor,* for respondent.

MCADAM, C. J., *(after stating the facts as above.)* If it appears upon the return of a writ of *habeas corpus* that the prisoner is in custody by virtue of a mandate in a civil action for contempt, he may be discharged when the mandate is defective in substance required by law, rendering it void, or when it was issued in a case not allowed by law, *(People* v. *Riley,* 25 Hun, 587;) and when one is discharged on *habeas corpus,* a rearrest is unlawful, the matter being *res adjudicata.* Wells, Res. Adj. § 421. The defendant was therefore secure against further proceedings under the illegal order appealed from, without prosecuting this appeal, but this circumstance does not prevent him from having his appeal considered. We concur in the disposition made

·of the order by the supreme court, and agree that it was granted in excess of authority, is defective in substance, and was properly adjudged to be void, for the following among other reasons: The title to the property was in ·dispute, and an order for delivering it over to the receiver could not be made. *Bank* v. *Pugsley*, 47 N. Y. 368; *People* v. *Conner*, 15 Abb. Pr. (N. S.) 430. Where property is in possession of a third person claiming title, no matter how fraudulent the transfer, the court cannot order it to be delivered up, ·(*Town* v. *Insurance Co.*, 4 Bosw. 683;) the proper remedy being an action by the receiver to test the question of ownership, (*Rodman* v. *Henry*, 17 N. Y. 482.) There was no power in the court below to ignore this disputed ·question of title, and to order the judgment debtor to deliver over property not confessedly his. *Bank* v. *Pugsley*, *supra*. This objection goes to the very foundation of the judge's authority to make the order, makes it open to ·a motion to vacate it, or to attack upon *habeas corpus*, as unauthorized in the first instance. Where a proper conviction has been had, the court may issue a new commitment, omitting the illegal and improper portions of the old pro-·cess, but cannot retry the defendant for the same offense. *Snyder* v. *Van Ingen*, 9 Hun, 569; *Murad* v. *Thomas*, 66 How. Pr. 100, 30 Hun, 82; *People* v. *Grant*, 13 Civil Proc. R. 183. Their firmity in this case consists of more than an irregularity, for it goes to the root of the proceeding, and is incurable by ꞌnew order or otherwise. The order directed the defendant to be committed to jail for his refusal to deliver the saloon to the receiver, which order ·assumed the ability of the defendant to make such delivery; yet the judge ignored that portion of section 2285 of the Code, which provides that "where ·the misconduct proved consists of an omission to perform an act or duty, which is yet in the power of the offender to perform, he shall be imprisoned ·only until he has performed it, and paid the fine imposed;" and directed that ·the defendant be imprisoned until he paid a fine of $500 and costs. There was nothing before the judge warranting the imposition of any such fine. There was no proof of loss to the creditor, and no assessment of damages; and ·for all that appears the fine was arbitrarily imposed, without regard to the legal loss or indemnity required. This is unauthorized. *Sudlow* v. *Knox*, 7 Abb. Pr. (N. S.) 411; *De Jonge* v. *Brenneman*, 23 Hun, 332; *Coal Co.* v. *Hecksher*, 42 Hun, 534; *Fenlon* v. *Dempsey*, 2 N. Y. Supp. 763, (Dec. 14, 1888.) True, the court may summarily fine a delinquent $250 for disobedience ·to an order, in addition to costs, (Code, § 2284;) but where the fine goes beyond this, and is for the indemnity of the party, the loss or injury must be legally ascertained and assessed, that the court may know what indemnity is necessary, (*vide* cases before cited.) Where the commitment is made in a case falling under the first part of section 2285 of the Code, *i. e.*, where the party ·yet has the power to perform the act required, the limitation as to the duration of imprisonment (not exceeding six months) does not apply, because the ·party has it in his power to terminate the imprisonment at pleasure by complying with the act required. *In re Haigh*, Supreme Ct., LAWRENCE, J., Daily Reg., Jan. 20, 1887. So that the commitment was not irregular in fail-:ing to limit the duration of the imprisonment to six months. The real diffi-·culty is that the court required the defendant to perform an act he had not ·the ability to comply with, as the property required to be delivered up was ·claimed by the wife of the defendant, and Mrs. Conway, who asserted title to it; and he as their employe could not be legally required to deliver up their property until it was first decided in an action to be brought by the receiver ·that the property was not theirs, but his. There is no legal ground upon ·which the order can be sustained, and it must be reversed, with costs.

NEHRBAS and BROWNE, JJ., concur.