CATHARINE L. SMITH, Respondent, *v.* HUGH McQUADE, Appellant.

*Supplementary proceedings — order that the debtor transport his property to a receiver, invalid — indefiniteness of the order.*

A court has no power, in proceedings supplementary to execution, to order the debtor to deliver property, which is situated in another portion of the State, to the receiver appointed in such proceedings, at his office in the city of New York.

Such an order, which requires the delivery of certain hay without specifying the number of tons, and of certain corn and oats without specifying the number of bushels, is too indefinite and cannot be enforced.

Appeal by the defendant Hugh McQuade from an order, made by a justice of the Supreme Court and entered in the office of the clerk of the county of New York on August 28, 1890, directing the defendant to deliver to Ellett Hodgskin, the receiver appointed therein, at No. 20 Nassau street, in the city of New York, at twelve o'clock noon of the second day after due service upon him of a copy of the order, the following goods and chattels: There then followed in the order an enumeration of various chattels, among which were two cows, .... tons of hay, .... bushels of oats, .... bushels of corn, .... oat straw, two plows, etc.

*F. O. Trautmann,* for the appellant.

*S. Jones,* for the respondent.

Van Brunt, P. J.:

A judgment having been obtained against the defendant, proceedings supplementary to execution were had and the judgment-debtor examined and a receiver of his property appointed. By such examination it is claimed that it appeared that at Cornwall, in the State of New York, the judgment-debtor had certain property, consisting of household furniture, wagons, harness, farming implements, hay, oats and corn; and by the order appealed from, the judgment-debtor was directed to deliver this property to the receiver, who had been appointed in the supplementary proceedings, at No. 20 Nassau street, in the city of New York. There was a particular enumeration of the wagons, harness and farming imple-

ments, but the number of tons of hay, bushels of oats and bushels of corn was left blank.

From this order the judgment-debtor has appealed. It is plain that the court had no power to compel the judgment-debtor to transport this property from Cornwall to this city to be delivered to the receiver. If the receiver wanted it, he was compelled to go after it, and we rather think that he would have been somewhat embarrassed by receiving at his office at No. 20 Nassau street, wagons, harness, farming implements, tons of hay, bushels of oats, corn, etc. In fact, the order was one impossible to be complied with.

There is another difficulty with the order, and that is, it was too indefinite. There was no specification of the number of tons of hay or bushels of corn or of oats. Who was to determine when the debtor had delivered the .... bushels of corn, the .... bushels of oats and the .... tons of hay provided for in the order?

As already stated, the court had no power to compel the judgment-debtor, under pain of imprisonment, to transport this property from Cornwall to the city of New York. At the best the receiver was bound to go to Cornwall and there receive the property. But it is doubtful, under the circumstances of this case, whether a delivery of the property could be compelled and whether the receiver must not be remitted to his action to recover possession of the same.

The order should be reversed, with ten dollars costs and disbursements.

Brady and Daniels, JJ., concurred

Order reversed, with ten dollars costs and disbursements.