STEARNS *et al. v.* EATON.

(*Supreme Court, General Term, Fourth Department.* February, 1892.)

SUPPLEMENTARY PROCEEDINGS—COMPELLING DEBTOR TO PAY OVER MONEY.
   Upon a motion to compel a judgment debtor to pay over money to a receiver appointed in proceedings supplementary to execution, questions of the validity of an assignment by the debtor to her attorney, and of her right to exemption of part of the money, should not be decided; they should be tried in an ordinary action, brought for the purpose.

Appeal from order of Onondaga county judge.

Action by Frederick Stearns & Co. against Ella A. Eaton. From an order of the county judge denying plaintiff's motion to punish defendant for an alleged contempt, and for an order to compel her to pay over certain money in her possession to the receiver appointed in supplementary proceedings against her, plaintiff appeals. Affirmed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

J. A. McFarran, for appellant. Hine & Barnum, for respondent.

MARTIN, J. The judgment which was the basis of the proceedings herein was recovered in justice's court, March 13, 1890, for $54.20. A transcript thereof was filed in the office of the clerk of Onondaga county; an execution was issued thereon to the sheriff of that county, and returned unsatisfied; when proceedings supplementary to execution were instituted, which on May 5, 1890, resulted in the appointment of a receiver of the property and effects of the respondent. The order appointing the receiver enjoined the respondent from making or suffering any transfer or other disposition of or interference with her property, except in obedience to that order. The respondent held a policy or certificate of insurance upon the life of her husband in the American Co-operative Relief Association, which entitled her, upon the death of her husband, to the proceeds of one full assessment upon the members of the association according to its by-laws, not exceeding $3,000. The moving papers failed to show when her husband died, or whether her right to such insurance accrued after or before the supplementary proceedings were instituted by the appellant, but the papers used by the respondent in opposition to the motion perhaps showed, inferentially at least, that her right to such money had become fixed by the death of her husband before the proceedings were commenced. After her husband's death, and after the appointment of the receiver herein, the respondent commenced an action against the insurance association to recover the amount due under her policy or certificate of insurance, which action was, on or about September 27, 1891, compromised and settled for the sum of $1,100. Of this sum, $1,000 was paid to the respondent's attorney under and in pursuance of an assignment made to him by her in February, 1890, and under which he claimed that sum. The remaining $100 was paid to the respondent, and was claimed by her to be exempt, and consequently beyond the reach of her creditors in this proceeding. After hearing the appellant's motion, and reading the papers in support thereof, and in opposition thereto, the learned county judge denied the motion, but without prejudice to an action by the receiver to determine the rights of the parties to the fund in question. It is quite manifest that the county judge did not intend upon this motion to determine the question whether the claim of the respondent's attorney to the $1,000 paid him was valid, nor whether the $100 paid to the respondent was exempt, but intended to require the parties to bring an action to determine those questions. In this we find no reason to disturb the order appealed from. If the transfer by the respondent to her attorney was valid, the receiver acquired no interest in the portion of the fund assigned. The question of its validity could not be tried by the judge in such a proceeding, but only in an action brought by the receiver for that purpose. Rodman v. Henry, 17 N. Y. 482; Barnard v. Kobbe, 54 N. Y. 516; Teller v. Randall, 40 Barb. 242; Locke v. Mabbett, 41 N. Y. 457; Bank v. Pugsley, 47 N. Y. 368. The remaining $100 was claimed as exempt. It would seem that there was force in that claim. The learned judge, instead of attempting to decide as to its validity in this proceeding, denied the appellant's motion, for the obvious reason that that question ought not to be thus determined, but should be determined in an action for that purpose where all the facts could be shown and all the parties fully heard. The case of Dickinson v. Onderdonk, 18 Hun, 479, would seem to justify the conclusion of the county judge. In that case it was, in effect,

held that in supplementary proceedings, where the debtor claims that property, which may by law be exempt from execution, is in fact so exempt, the question of exemption ought not to be tried in such proceedings, but should be tried in an ordinary action.   Whether the money in the respondent's hands would be ordered paid to the receiver was, at least, discretionary with the judge.   Code Civil Proc. § 2447.   These considerations lead to an affirmance of the order.   Order affirmed, with $10 costs and disbursements.

All concur.