## WALDRON v. WALKER.

(*Supreme Court, General Term, Third Department.* March 15, 1892.)

SUPPLEMENTARY PROCEEDINGS—PROPERTY OF DEBTOR—DISPUTED OWNERSHIP.

In supplementary proceedings there was a substantial dispute as to whether a third person was indebted to the execution debtor, the debt in question was claimed to be due to another than the execution debtor, the claimant had brought an action to enforce payment, and the execution debtor disclaimed any interest in the alleged debt. *Held,* that the judge had no power to decide the question of indebtedness summarily, and direct payment to the execution creditor.

Appeal from Saratoga county court.

Action by Robert C. Waldron against Emma Walker. From an order made in proceedings supplementary to execution, defendant appeals. Reversed.

Argued before PUTNAM and HERRICK, JJ.

*Thomas O'Connor,* (*Nathaniel C. Moak,* of counsel,) for appellant. *J. W. Atkinson,* for respondent.

HERRICK, J. This court has heretofore determined that an order directing a third party to deliver over property of a judgment debtor in his hands can only be made where the right to the possession of the property is substantially undisputed. *Hayes* v. *McClelland,* 20 Wkly. Dig. 393. It has been also determined that in proceedings against a third party to reach money or prop-

erty alleged to be in his possession, but due or belonging to the judgment debtor, the judge has no authority to decide the question of indebtedness or ownership summarily, and compel its payment or delivery.  *Bank* v. *Pugsley,* 47 N. Y. 368.   In the case before us there is a substantial dispute as to whether the third party is indebted to the judgment debtor.   The money in question is claimed to be due to another than the judgment debtor, and such claimant has brought an action to enforce its payment.   The judgment debtor denies that it belongs to her.   Under such circumstances, the county judge had no authority to summarily decide the question, and direct the payment of the money to the sheriff or any other person.   The order appealed from should be reversed, with $10 costs and printing disbursements.