## SERVEN *v.* LOWERRE.

(Rockland County Court—March, 1893.)

An order under section 2447 of the Code, directing a judgment debtor to deliver personal property to a sheriff to be sold and its proceeds applied in payment of the judgment, may be made without notice to the judgment debtor.

An order under section 2455 of the Code, directing payment of costs and disbursements in supplementary proceedings may be made without notice to the judgment debtor.

On the examination of a judgment debtor in supplementary proceedings, it appeared that he had both in his possession and under his control, personal property belonging to him. Having refused obedience to an order directing him to deliver said property to the sheriff, to be by him sold and the proceeds applied in payment of the judgment, an order to show cause why he should not be punished for contempt was granted. An order to show cause why the first order should not be vacated was also granted. On the hearing, both motions having been argued together, it appeared by the affidavits of the judgment debtor and his wife that all of said property, except a watch, which it was claimed was exempt, belonged to the wife and was in her possession. *Held,* that as the affidavit made an issue as to the title of the property which the judge granting the order directing delivery of the property to the sheriff, had no authority to try and determine, said order should be set aside as unauthorized.

Where a motion to vacate an order made in supplementary proceedings, under section 2447 of the Code, directing a delivery of personal property to a sheriff, is granted, a motion to punish the judgment debtor for contempt for disobedience of the said order to deliver must fall.

SUPPLEMENTARY proceedings.

*Arthur S. Tompkins,* for plaintiff.

*George A. Wyre,* for defendant.

WEIANT, County J. On January 30, 1893, an order was made by me in supplementary proceedings for the examination of the defendant, theretofore had, and then pending, under section 2447 of the Code of Civil Procedure, directing the defendant to deliver " two tons of hay ; a few bushels of rye, threshed ; one-half ton of rye straw ; a few bags of oats ; thirty or forty barrels of husked corn ; 200 bundles of corn-

15

stalks; and one gold watch," immediately to the sheriff of the county of Rockland, to whom was issued the execution upon the judgment, to be by said sheriff sold, and the proceeds applied in payment of said judgment upon the execution issued either before or after the delivery of such property to him.

The order further directed that the judgment creditor be allowed, and that the judgment debtor pay to him within ten days, the sum of fourteen dollars, for disbursements in such supplementary proceedings, together with twenty dollars costs. This order was served on the judgment debtor in due form on February 6, 1893, by a deputy sheriff, and that at the time of making said service the defendant refused to deliver the property mentioned in the order on the ground that he was not possessed of the same.

On February 13, 1893, upon all the papers and proceedings herein, and the proofs aforesaid, I granted an order to show cause, returnable before me on February 20, 1893, why the judgment debtor should not be punished for contempt for his disobedience of, and his failure to comply with, said order of January thirtieth. That motion was adjourned to February twenty-seventh.

On February twenty-third I granted an order upon application of the judgment debtor, that the judgment creditor show cause before me at the same time, on February twenty-seventh, why the order above specified of January thirtieth, should not be vacated. Both of these motions have been argued and submitted to me for my determination.

The judgment debtor moves for the vacation of said order of January thirtieth on the following grounds specified by him in writing : *First.* That said order was obtained without notice to the defendant, as he was entitled to be heard, at least on the question of allowance of costs. *Second.* That the testimony of the defendant on this examination supplementary to execution, does not show that he is the owner of the property mentioned in said order. *Third.* That the order is too indefinite and impossible to be complied with, and that

the defendant cannot be obliged to convey and deliver such property to the sheriff. *Fourth.* That if the defendant was the owner of such property the plaintiff's proper remedy is by execution. *Fifth.* That the title of said property is substantially disputed, and the court cannot in a summary manner determine that question.

It is proper and orderly that this motion to vacate should first be disposed of, and in so doing I shall determine the grounds of the motion in the order made.

A preliminary objection was made by the plaintiff's counsel to the hearing of this motion to vacate on the grounds that eight days' notice thereof had not been given, and that it did not appear that there were reasons for granting the order to show cause and authorizing less than eight days' service.

I do not think that objection well taken. It does appear that this order of the plaintiff for the defendant to show cause why he should not be punished for contempt, was pending, and by adjournnment was to be heard on February twenty-seventh. It appeared, therefore, that eight days' notice could not be given of this motion to vacate before the return day of the order to punish for contempt, and it was surely proper, if not essential to protect the defendant's rights, that his motion should be heard prior to or at the time of the plaintiff's motion.

But an order may be vacated by the judge who made it without notice. Code Civ. Proc. § 772; *Marks* v. *King*, 13 Abb. N. C. 374; *Dixon* v. *Dixon*, 8 N. Y. St. Repr. 816.

We come now to the consideration of the grounds of this motion to vacate, as stated above.

The first is not well founded. No notice of the motion for the order of January thirtieth was requisite.

Such an order may be made by the judge before whom the proceeding is pending, " in his discretion, and upon such notice, given to such persons as he deems just, or without notice." Code Civ. Proc. § 2447. There was nothing to indicate that notice should be given to any one. The motion was based upon the facts testified to by the defendant upon

his own examination solely, and he did not disclose by his testimony that any other person had any interest in, or made any claim to, the property specified in the order. It, therefore, seemed clear that there was no person to whom notice should or could be given, and the defendant himself had no reason to call for it, as the application was based upon his own uncontroverted statements.

But the counsel for the judgment debtor seems to make a distinction between the parts of the order directing the delivery of property under section 2447 of the Code, and that directing payment of costs and disbursements under section 2455. The latter section does not contain any expression as to notice, and I am inclined to think that an order under that section may, also, be made without notice. It is supposed to be made in the pending proceeding to which the judgment debtor is a party and as a part thereof, and upon his examination, at which he is actually or presumptively present. A receiver may be apppointed without notice. Code, § 2464. It seems to be analogous to the allowance of costs in any action or proceeding. No separate motion is made upon notice to the parties, but costs are awarded or withheld by direction in the action or proceeding.

The counsel for the defendant next contends, as specified above, " that the testimony of the defendant does not show that he is the owner of the property mentioned in the order."

The defendant, on his examination, testified as follows : " My occupation is a farmer ; I rent a farm from Isaac E. Pye, by written lease, in my own name ; said lease being from April 1, '91, and running to April 1, '94 ; * * * I never assigned it to any one. * * * On the farm which I occupy," he says, " there are articles of personal property," which he enumerates, and, among others, specifies the following : " At least two tons medium hay on farm ; there are a few bushels of rye, threshed ; one-half ton rye straw ; a few bags of oats ; thirty or forty barrels of husked corn, and, also, 200 bundles of cornstalks. * * * I have a gold watch ; it is at the house ; I have had it four years. * * * This

place is occupied by me and my family and servants only; the lease is in my name.  *  *  *  The hay that is in the barn was harvested from the farm this summer, and the corn and grain and other products were also so harvested." He testifies to all the other things having been purchased by his wife or to having been transferred to her by him through a bill of sale, about fifteen months before his examination, and adds that "no bill of sale has been given by me to my wife since then."

Then this specific question is put to him and his answer given: "Have you given any bill of sale or chattel mortgage to your wife or to any one else on any property now upon the farm occupied by you within the last year? Ans. No; I do not know that I have."

This testimony shows to an absolute certainty that when this order of January thirtieth was made, if the defendant, testifying against his own interest, is to be believed, that this personal property in question was his. This objection, then, has no foundation.

This also disposes of the fifth objection, for, as we have seen, there was no dispute whatever as to the title, ownership or possession of the articles directed to be delivered to the sheriff.

This order of January thirtieth for the delivery of this property therein specified, was made pursuant to the authority given by section 2447 of the Code of Civil Procedure. It is there provided that "Where it appears from the examination or testimony taken in a special proceeding authorized by this article, that the judgment debtor has in his possession or under his control money or other personal property belonging to him  *  *  *  the judge by whom the order or warrant was granted  *  *  *  may, in his discretion,  *  *  *  make an order directing the judgment debtor  *  *  *  immediately to pay the money or deliver the articles of personal property to a sheriff designated in the order, unless a receiver has been appointed," etc.

Now, it appears, from the examination of this judgment

debtor, that every essential of this statute applicable to this matter was clearly complied with, to authorize that order. It appeared, without a particle of proof to the contrary, that this judgment debtor had, both in his possession and under his control, personal property *belonging to him*, and thereupon, as the statute authorized, this order was made directing him to deliver the same to the sheriff of Rockland county, and it did not appear that any receiver had been appointed. The order was strictly in accordance with the requirements of the statute, and the objection to lack of definiteness is not well taken.

It is true that the proceeding, so far as such an order is involved, is limited to reaching property of the judgment debtor. *Winters* v. *McCarthy*, 2 Abb. N. C. 357; *Hall* v. *McMahon*, 10 Abb. Pr. 103; *Peters* v. *Kerr*, 22 How. Pr. 3. And where the defendant is in possession of property which is claimed to belong to his wife, the order cannot be made. *Sackett* v. *Newton*, 10 How. Pr. 560. Nor can the judge try and determine conflicting claims. Fiero's Special Proceedings, 540, and cases there cited; *Rodman* v. *Henry*, 17 N. Y. 482; *West Side Bank* v. *Pugsley*, 47 id. 368. These authorities, although made in construing similar provisions of the old Code, have been adopted as applicable to the present Code. *Frost* v. *Craig*, 9 N. Y. Supp. 528; *Stearns* v. *Eaton*, 17 id. 687; *Waldron* v. *Walker*, 18 id. 292.

But none of these authorities are antagonistic to this order, for here there was no dispute. It is suggested by the defendant's counsel that such property as this ordered to be delivered is not such as is contemplated by the Code. The answer to this is that the Code provides that " personal property," without qualification, may be ordered to be delivered. Of course, this means tangible property. *West Side Bank* v. *Pugsley*, 47 N. Y. 368. The case of *Dickinson* v. *Onderdonk*, 18 Hun, 479, is not in conflict with this order. There the judgment debtor was ordered to deliver the property (a horse) to the judgment creditor. That the statute does not authorize. It must be ordered to be delivered to a sheriff or a receiver.

As remarked in *Dickinson* v. *Onderdonk*, 18 Hun, 479, the

better way in a case of this kind is for the judgment creditor to proceed by levy and sale under execution. But even if that be so, under this provision of the Code cited, and in a proper case, the judgment creditor is entitled to this summary remedy.

It is claimed that it is impossible or impracticable for the defendant to comply with the order. I do not think so. The law authorizes the order directing the judgment debtor to deliver the property, but the word "deliver" must receive a fair and practical construction.

As was held in *Smith* v. *McQuade*, 13 N. Y. Supp. 62, a judgment debtor cannot be compelled by such an order to transport the property to the sheriff or receiver. But that is not this case. He was directed, in the language of the statute, to deliver the property to the sheriff. Had this order directed the judgment debtor to deliver the property elsewhere than the premises where the same were, and thus required him to transport the same, I think, in that respect, it would have been unauthorized. But the affidavit of service of the order discloses that the deputy sheriff proceeded to the premises where the property was, and there demanded the same, and that the defendant refused to deliver the property to him. The defendant, in his affidavit, denies any demand by the deputy sheriff, and refusal on his part to deliver the property. This question is left in doubt as to what sort of delivery was demanded by the deputy sheriff. If the deputy sheriff demanded a delivery elsewhere, the defendant was justified in his refusal; if he demanded the delivery there, and the defendant refused that, and refused to permit the deputy sheriff to take possession of the property, then the defendant violated the order. We come now to the consideration of the defendant's motion to vacate this order of January thirtieth. It is made upon the ground that the property, except the watch, belongs to Catharine A. Lowerre, the wife of the judgment debtor, and as to the watch on the ground that it is exempt from application to payment of the defendant's debts.

The inherent power and right of every court to vacate its process, orders or judgments, to prevent a perversion thereof,

or to frustrate oppression or injustice, is left unimpaired by the Code, and is confirmed by section 772. *Levy* v. *Loeb*, 5 Abb. N. C. 157; *Dietz* v. *Farish*, 43 N. Y. Super. Ct. 87; *West Side Bank* v. *Pugsley*, 47 N. Y. 368.

As to the property, except the watch, both the defendant and his wife, on this motion, make affidavit that the same is the property of the wife, owned by her and in her possession.

The defendant, speaking in light terms of his conduct in this matter, swears recklessly and in a manner that is not calculated to impress a judge or court favorably as to his veracity. But the affidavits make an issue as to the title to that property, and, as stated above, the power is limited in these proceedings to reaching property of the judgment debtor, or in his possession, or that of others, *conceded to be his;* and, as we have seen from a uniform line of authorities, the judge cannot try and determine conflicting claims. In *Gallagher* v. *O'Neil*, 3 N. Y. Supp. 126, it was decided that an order adjudging defendant in contempt for refusal to deliver certain property to a receiver in supplementary proceedings, is void where it is shown that title to the property is in dispute. Chief Judge McADAM, writing the opinion, says, at page 127: "This objection goes to the very foundation of the judge's authority to make the order; makes it open to a motion to vacate it, or to attack upon *habeas corpus*, as unauthorized in the first instance." While here the basis for the order when granted was well laid, yet upon this motion a condition is disclosed, which, if the same had appeared at the time of making the order, would have rendered the order invalid; and as the order was granted without notice, I am of the opinion that the defendant is entitled to raise the question now, and avail himself of the same to set aside the order. In *Smith* v. *McQuade*, 13 N. Y. Supp. 63, it was held that if an order to deliver property in supplementary proceedings is invalid and reversed, then the order punishing for contempt for failure to comply therewith must also fall.

As to the watch, the defendant now claims that the same is exempt from liability for his debt, under subdivision 6 of

section 1390 of the Code of Civil Procedure, which exempts "the working tools and implements of a mechanic, necessary to the carrying on of his trade, not exceeding in value twenty-five dollars." On his examination he gave no testimony touching that subject, except to state the value of the watch to be twenty dollars. But in his affidavit upon this motion to vacate the order of January thirtieth, he states certain facts tending to show the exemption of the watch. He states facts showing himself to be a householder, and then alleges that the watch is necessary in and about his business as a necessary working tool.

The authorities hold that under certain circumstances a watch may be exempt as a "working tool," within the meaning of the statute allowing exemptions to householders. *Bitting* v. *Vanderburgh*, 17 How. Pr. 82; *Bumpus* v. *Maynard*, 36 Barb. 626; *Merriam* v. *Hill*, 1 Wkly. Dig. 260; *Peck* v. *Mulvihill*, 2 City Ct. Rep. 424.

The affidavit of the defendant is suspicious and unsatisfactory touching the matter of the exemption of this watch, and were it left to me to decide the question of its exemption upon the present proofs, I should determine the question against him.

But it seems from the authorities, as we have seen, that in these proceedings a judge is not authorized to try the question of title to property, and according to some of the same authorities, neither can he determine the question of exemption thereof, as it involves, also, the question of title. *Dickinson* v. *Onderdonk*, 18 Hun, 479; *Stearns* v. *Eaton*, 17 N. Y. Supp. 687.

The motion to vacate the order of January thirtieth, so far as it directs the delivery of the property to the sheriff, is accordingly granted. This being so, the motion to punish the defendant for contempt must fall. *Smith* v. *McQuade*, 13 N. Y. Supp. 63.

No costs of motion to either party.