(36 Misc. Rep. 322.)

## In re BECKER.

### FITTS et al. v. BECKER.

(Supreme Court, Special Term, Cattaraugus County. November, 1901.)

1. CONTEMPT—SUPPLEMENTARY PROCEEDINGS.

A county judge cannot decide a controversy existing as to the ownership of a fund sought to be reached through supplementary proceedings on a motion to punish the debtor as for contempt in having disposed of the fund in violation of an injunction.

2. SAME—RECEIVER.

Where there is a question in supplementary proceedings as to the ownership of a fund, and the debtor has disposed of the same, a receiver should be appointed to follow the fund and settle the title.

3. SAME—VIOLATION OF INJUNCTION—DAMAGES.

Where a judgment debtor has disobeyed an injunction in supplementary proceedings, he may be fined therefor arbitrarily up to the sum of $250, but the creditors asking damages for violation of the injunction cannot receive the same unless they prove that they were actually sustained.

Action by Mary C. Fitts and others against Bertha E. Becker. Judgment for plaintiffs. Motion by defendant to vacate an order

adjudging her guilty of contempt, and fining her in the sum of $1,200. Order vacated.·

Ernest H. Woodruff, for judgment debtor.
Henry P. Nevins, for judgment creditors.

CHILDS, J. From the papers submitted on this motion it appears that an order for the examination of Bertha E. Becker, the judgment debtor herein, in proceedings supplementary to execution, was duly made on the 19th day of September, 1901, by the county judge of Cattaraugus county, and thereafter, and on the 20th day of September, then instant, duly served upon the said judgment debtor, which order contained the usual provisions forbidding the judgment debtor to transfer, dispose of, or in any manner interfere with any property belonging to her, or in which she has any interest. Before the service of this order the judgment debtor had placed $1,200 in money in the hands of one A. E. Darrow. The examination of the judgment debtor was commenced on the 11th day of October, 1901, and thereafter continued from time to time by adjournment. On the 16th day of October, 1901, the judgment creditors applied to the county judge for an order requiring the judgment debtor to show cause why she should not be adjudged guilty of contempt of court for paying out and obtaining possession of the moneys so in the hands of A. E. Darrow. An order to show cause in accordance with such application was made returnable on the 21st day of October, 1901, upon which last-mentioned day, and solely upon the said affidavit of Henry P. Nevins and the affidavits of Bertha E. Becker, Louis W. Becker, and Berlin Becker,—no other papers being before the county judge, and no other proceedings having been taken, —the order now sought to be vacated was made by the county judge. An examination of the affidavits discloses, without controversy, the following facts: Previous to the service of the order for the examination of the judgment debtor, L. W. Becker, her husband, had been arrested, and was then confined in the county jail of Cattaraugus county upon a body execution. The judgment debtor procured said A. E. Darrow to become the bondsman for said Becker, entitling him to the liberties of the jail. For the purpose of securing the aid of Darrow, as stated, the judgment debtor deposited with him the sum of $1,200, in money. One thousand dollars of this sum had been placed in the hands of the judgment debtor by her mother, Mrs. Morris, to be used by her in protecting a piece of property, the equity of redemption of which was in the judgment debtor, from a sale upon foreclosure then advertised to take place. The judgment debtor decided not to use the money for that purpose, and communicated with her mother by mail, and obtained her consent to use the $1,000 as a deposit with Darrow for the purpose of obtaining bail for her husband. The remaining $200 of that $1,200 was money belonging to the infant son of the judgment debtor, and was used by her, by direction of her son, for the purpose of securing the release of his father from prison. On or before the 7th day of October, 1901, the judgment debtor delivered to her said husband, L. W.

Becker, an order on Darrow for the money deposited with him, less $50 paid to G. W. Cole and $25 to the judgment debtor personally; and on the last-mentioned day the said L. W. Becker surrendered himself into the custody of the sheriff of Cattaraugus county, and said Darrow delivered to him the $1,125 remaining in his hands. This money was returned to the judgment debtor, and $1,000 of the amount delivered or returned by her to her mother, Mrs. Morris, and the remainder returned to the savings bank for her son, Berlin Becker.

It thus appears that there was a controversy as to the ownership of the money in the hands of Darrow, and disposed of by the judgment debtor,—at least, as to the $1,000 of the same. This controversy was clearly disclosed in the papers before the county judge upon which the adjudication complained of was made, and necessarily required the county judge to pass upon the question as to the ownership of the fund before making an order or adjudication, the effect of which was to transfer the fund or its equivalent to the judgment creditors. In a proper case a fine of $250 may be imposed as punishment for the violation of an order having no reference to the damages sustained by the judgment creditors by reason of such violation. When, however, the court or judge includes in such a fine the damages sustained by the judgment creditors, such damages are to be ascertained upon proof, and are to be actual damages, as distinguished from a fine imposed for punishment only. It is clear that, unless the judgment debtor was the owner of the funds in the hands of Darrow, the judgment creditors suffered no damages by the act of the judgment debtor in securing control and disposing of the same. It is equally clear that in the fine imposed the judge intended to compensate the judgment creditors in damages for the loss assumed to have been sustained by them through the act of the judgment debtor complained of, and, as we have seen, by assuming to settle the controversy as to the ownership of the fund, which he must necessarily have done, in order to reach the conclusion that the judgment creditors had sustained any damages. The county judge had no power to proceed and try the question of title to this fund, nor to order delivery of the same to the sheriff, to be applied upon the judgment which was the foundation of the proceedings. Crounse v. Whipple, 34 How. Prac. 333; Nathans v. Satterlee, 18 Abb. N. C. 310; Krone v. Klotz, 3 App. Div. 587, 38 N. Y. Supp. 225; Rodman v. Henry, 17 N. Y. 482; People v. King, 9 How. Prac. 97; Serven v. Lowerre, 3 Misc. Rep. 113, 23 N. Y. Supp. 1052. And, possessing no such power, proceedings for contempt would not, of course, lie for disposing of the moneys in alleged violation of the injunction order. Carriage Co. v. Richardson, 6 Misc. Rep. 466, 27 N. Y. Supp. 625. The reason of this rule is apparent; for whether an order is made requiring a delivery of property to the sheriff to be applied in satisfaction of the judgment, or a fine for the amount of the damages alleged to have been sustained by the defendant is imposed, payable to the sheriff for the same purpose, the same result is reached. In either case it must appear that the fund to be delivered or the fund diverted was the property of the judgment debtor, and there is no

apparent reason why the judge should be permitted to determine a disputed question as to the ownership of the property in the one case rather than the other. When the fine includes damages, such damages are to be ascertained upon proof which necessarily requires the examination and decision of any disputed question which may arise in the proceeding; as to the title of the property, and this conclusion is supported by Teller v. Randall, 40 Barb. 242; Dean v. Hyatt, 5 Wkly. Dig. 67. The affidavits of Henry P. Nevins, William K. Harrison, and Kate Morris were not before the county judge, and have not been considered upon this motion.

The conclusion is that the county judge exceeded his power in making the order and adjudication complained of, and instead thereof a receiver of the property of the judgment debtor should have been appointed, who would have been authorized to pursue this fund and settle the title thereto in any appropriate action. In reaching this conclusion the cases of People v. Kingsland, 3 Abb. Dec. 526, and Jackson v. Murray, 25 App. Div. 140, 49 N. Y. Supp. 195, have not been overlooked. In People v. Kingsland the title to the money drawn from the bank was in the judgment debtor as a matter of law, and the court was not called upon to adjudicate the title of rival claimants to the fund. The decision in Jackson v. Murray was upon precisely the same facts, and made upon the authority of People v. Kingsland. The order of the county judge is vacated and set aside, with $10 costs to judgment debtor.

Order vacated and set aside, with $10 costs to judgment debtor.