(6 Misc. Rep. 466.)

### GERTON CARRIAGE CO. v. RICHARDSON.

(Supreme Court, Special Term, St. Lawrence County. January, 1894.)

SUPPLEMENTARY PROCEEDINGS—TRIAL OF DISPUTED TITLE.
> Where a will provides that a legatee, who is also made executor, shall receive his support from the income of the estate, and that he may use the principal for that purpose, if necessary, and no accounting has been had by him as executor, and no separation made of the parts necessary for his support, supplementary proceedings will not lie to subject his interest in the estate to a judgment against him.

Motion to punish defendant for contempt. Denied.

A. Z. Squiers, for plaintiff.
John C. Keeler, for defendant.

RUSSELL, J. This is a motion to punish the defendant for contempt in disposing of $400 in cash, which came to his hands as the proceeds of a public ball given by him in an hotel at Russell, derived from the use of the ball room, and the refreshments more or less inseparable from such occasions. It is claimed that the money was used by him in the payment of debts incurred by him in running the hotel and the purchase of supplies. The defendant contends that the money was not his, but belonged to the estate of his deceased wife. He is executor of that estate, and also receives, by the will of his wife, his support from the rents, profits, and income of the estate, and, if necessary for the purposes indicated, has the right to use the principal. The hotel is a part of the estate. No accounting has been had, and no separation made of the parts necessary for his support, and the heirs, legatees, or devisees of the deceased wife do not seem to care to bring the executor to account. Whatever, therefore, should rightfully flow from the estate by way of income is mixed and mingled with whatever accrues by virtue of his using the property of the estate for business purposes, on the plea that thus alone can the property be preserved intact and its wasting away prevented; for, aside from the amount necessary for his own support, there are fixed charges to be met, such as the interest on $2,500 of mortgages, taxes, insurance, and repairs, aside from any possible debts owing by the estate. The extreme process of attachment for contempt should not, of course, lie, unless the court, upon the evidence, would make an order requiring the defendant to pay over the money, if in his hands, to the satisfaction of the judgment upon which the supplementary proceedings are based. Supplementary proceedings are not given for the pur-

pose of trying disputed questions of title, or of ousting the common-law and equity courts of jurisdiction to settle such questions by the familiar methods of trial, giving in such cases, as should be given the right to jury trials. These proceedings are designed as in the nature of summary proceedings, to ascertain from the debtor, under oath, what property he may have, and afford a short proceeding for the application of his property to the payment of judgments in cases of clear right. This is in accordance with the general principles of the administration of justice, and is not intended to derogate from the ordinary jurisdiction of the courts, where there is a substantial conflict upon the question of ownership. In such cases the ordinary forms of courts must be invoked. Williams v. Thorn, 70 N. Y. 270; Code Civ. Proc. § 2463; Rodman v. Henry, 17 N. Y. 484. In the case at bar the executor may be called upon to account for the use of the property, and, if he has derived benefit from it in transacting business, the rule may possibly follow him that he shall put in all of the proceeds for the benefit of the estate over and above what is necessary for his support. 'At all events, until there is a clear separation of the amounts necessary for his support from the gross sums received, I cannot see how a judge, under the statutory authority conferred upon him with reference to supplementary proceedings, may order any portion to be applied to the payment of the personal debts of the defendant. If he engages in business with the property of the estate rightfully, then a proceeding might lie in the form of an action to separate and determine the amount which should go to his individual creditors. If he engages in business wrongfully with the property, the cestui que trust may claim that it is all for the benefit of the estate, giving him allowance only for the sums he is entitled to for his support. Such a serious question of title, therefore, arises in the attempt to determine what interest he has in the usufruct of the estate of his deceased wife; that the courts ought not to determine it by orders made in supplementary proceedings. In so determining, for the purposes of this motion, I do not overlook the legal reasons which maintain that where an executor or administrator uses the property of an estate in business, and thereby converts it into other property, or derives other personal property from the use of that belonging to the estate, strictly speaking, the legal title is in the person, and not in the executor. The estate could not maintain an action of trover or trespass against a person dealing with the apparent proprietor of the business; but that conclusion does not make decisive the rights of the estate against the executor to possibly require the surrender of all of the property which he thus acquires, as in equity belonging to the estate itself. For the reasons given in the foregoing opinion, the motion is denied. Motion denied.