Division, Second Department. June 20, 1901.) In the matter of proceedings supplementary to execution by Ernest H. Holton against Benjamin Robinson. No opinion. Order appealed from affirmed by default, with $10 costs and disbursements.

HOLTON, Respondent. v. ROBINSON, Appellant (No. 2). (Supreme Court, Appellate Division, Second Department. June 20, 1901.) In the matter of proceedings supplementary to execution by Ernest H. Holton against Benjamin Robinson. No opinion. Appeal dismissed, with $10 costs and disbursements.

HOUGHTON, Respondent, v. DE HART et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 20, 1901.) Action by Frank R. Houghton against John De Hart, impleaded with others. No opinion. Orders affirmed, with $10 costs in one appeal and disbursements in both.

In re HOWARD. (Supreme Court, Appellate Division, First Department. June 21, 1901.) In the matter of Annie Howard, as executrix. No opinion. Order affirmed, with $10 costs and disbursements.

IMMERGLUCK, Respondent, v. CENTRAL CROSSTOWN R. CO., Appellant. (City Court of New York, General Term. May, 1901.) Appeal from judgment for the plaintiff upon a verdict and from an order denying the defendant a new trial. The action was for personal injuries sustained while boarding a car of the defendant. Edward D. O'Brien, for appellant. Frank Herwig, for respondent.

HASCALL, J. A careful reading of the testimony forces the conclusion that the verdict is palpably against the weight of evidence and made to punish the defendant. This view is borne out by the positive statements of an entirely disinterested witness, who saw the plaintiff fall before the car passed and without reaching the car, and by three other disinterested witnesses, who testify of her admissions, directly after the accident, that she turned her ankle, slipped, and fell while on her way from the curb out to the car. The defendant has a good exception in the refusal upon motion to direct a verdict, which motion, we think, should have been granted upon all the evidence, which establishes the preponderance clearly in defendant's favor. Judgment and order should be reversed, and new trial ordered, with costs to appellant to abide the event.

O'DWYER, J., concurs.

IMPERIAL SHALE BRICK CO. v. JEWETT. (Supreme Court, Appellate Division, Fourth Department. June 4, 1901.) Action by the Imperial Shale Brick Company against Edgar B. Jewett. No opinion. Motion to amend order granted, and order settled and filed with the clerk.

INSURANCE CO. OF NEW YORK v. ASSOCIATED MANUFACTURERS' MUT. FIRE INS. CO. (Supreme Court, Appellate Division, First Department. June 14, 1901.) Action by the Insurance Company of New York against the Associated Manufacturers' Mutual Fire Insurance Company. No opinion. Motion denied, upon payment of $10 costs, and, on payment of $10 additional costs, leave given to apply to court below to open default.

JACKSON, Respondent, v. JACKSON et al., Appellants. (Supreme Court, Appellate Division, First Department. June 21, 1901.) Action by Ebenezer C. Jackson against William H. Jackson and others. C. B. Alexander, for appellants. A. C. Smith, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

JACOBS v. AMERICAN MINERAL WATER MACH. CO. et al. (Supreme Court, Appellate Division, First Department. July 9, 1901.) Action by Emanuel Jacobs against the American Mineral Water Machine Company and others. No opinion. Case stricken from calendar.

JEWELL, Appellant, v. McINTYRE et al., Respondents. (Supreme Court, Appellate Division, Second Department. June 20, 1901.) Action by Ora M. Jewell against Thomas A. McIntyre and others. No opinion. Order (70 N. Y. Supp. 826) resettled by providing that the judgment shall be affirmed, without costs, but with disbursements in favor of each of the respondents who have appeared on the appeal.

JONES, Appellant, v. JONES, Respondent. (Supreme Court, Appellate Division, Second Department. July 25, 1901.) Action by Emma L. Jones against Willard H. Jones. No opinion. Judgment affirmed, with costs.

KEEGAN et al. v. SMITH. (Supreme Court, Appellate Division, First Department. June 14, 1901.) Action by James Keegan and others against John Smith, impleaded. No opinion. Motion granted.

KEELER, Appellant, v. ONONDAGA COUNTY SAV. BANK, Respondent. (Supreme Court, Appellate Division, Fourth Department. June 19, 1901.) Action by William M. Keeler against the Onondaga County Savings Bank.

PER CURIAM. Order appealed from so far modified as to award to the plaintiff full costs of opposing the motion for a new trial upon a case and exceptions, to abide event of the action, instead of $10 motion costs, and, as thus modified, affirmed, without costs of this appeal to either party.

KEIRNS v. NEW YORK & H. R. CO. (Supreme Court, Appellate Division, First Department. June 14, 1901.) Action by John Keirns against the New York & Harlem Railroad Company. No opinion. Motion granted.

KELLY, Respondent, v. ROOSEVELT, Appellant. (Supreme Court, Appellate Division, First Department. June 7, 1901.) Action by

Edmond Kelly against Samuel Roosevelt. E. Stephens, for appellant. J. A. Thompson, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

KENNETT, Appellant, v. HOPKINS et al., Respondents. (Supreme Court, Appellate Division, First Department. July 9, 1901.) Action by Francis J. Kennett against George B. Hopkins and another. No opinion. Order affirmed, with $10 costs and disbursements.

KENT, Respondent, v. METR(' ST. RY. CO., Appellant. (Supreme Court, Appellate Division, Third Department. June 28, 1901.) Action by Aaron Kent against the Metropolitan Street Railway Company. No opinion. Judgment and order unanimously affirmed, with costs.

KEOUGH, Respondent, v. ALBANY & T. STEAMBOAT CO., Limited, Appellant. (Supreme Court, Appellate Division, Third Department. June 28, 1901.) Action by Susan Keough, as administratrix, etc., of John Keough, deceased, against the Albany & Troy Steamboat Company, Limited. No opinion. Judgment and order unanimously affirmed, with costs.

KERNOCHAN et al., Appellants, v. RUSSELL, Respondent. (City Court of New York, General Term. May, 1901.) Appeal from an order denying a motion to punish the defendant, a judgment debtor, for contempt. William H. Sage, for appellants. Hoelljes & Sykes (Henry Hoelljes, of counsel), for respondent.

FITZSIMONS, C. J. The evidence submitted to us proves, in our opinion, that the defendant from 1880 to 1899 was the owner of the 20 shares of stock in question. In 1880 he deposited them as collateral security for a loan of $1,000, and they so remained until 1899, when said loan (which had meanwhile been sued upon and judgment thereon recovered) was compromised by defendant at 50 per cent. and was paid by him with his own check, and he received acquittance therefor and the return of his collateral. During the period mentioned he also received the dividends paid upon said stocks at the rate of 5 per cent. per annum. The judgment herein was recovered in June, 1888. Not being paid, the usual order for defendant's examination in supplementary proceedings was issued in November, 1891. He did not appear upon the return day, and in December, 1900, an order was obtained to punish him for contempt, and he, upon the return day of said order, was ordered to submit to examination. Upon such examination he claimed to have no property, and swore that for the 30 years just passed he owned no property. He did not mention the shares of stock in question, which were then worth about $1,-600. No mention thereof was made by him until after the examination of Mr. Baker as a witness in such proceedings, and who was the attorney for the judgment creditor in the $1,000 loan matter. Then the defendant for the first time claimed that in August, 1888, he made a

present of them to his wife. They were then in the hands of the bank, which in 1880 loaned him the $1,000, and no notice of such transfer was ever sent to it. He also continued to personally receive the dividends thereon, as before stated, until 1899, when he paid said debt and received from the bank said 20 shares of stock. We are convinced, after reading carefully the record presented to us, that the said alleged gift to his wife is a mere afterthought and subterfuge, intended to hinder and obstruct the collection of this judgment, and, if possible, to prevent its satisfaction. We think he should be punished for disposing of his property contrary to the injunction order. The order appealed from must be reversed, with costs and disbursements of this appeal to appellants, and the judgment debtor is hereby adjudged guilty of contempt and fined the amount of the judgment herein. The judgment creditor may also have any other relief that may be just and proper herein. Order reversed, with costs to appellants, and judgment debtor adjudged guilty of contempt and fined amount of judgment.

O'DWYER, J., concurs.

HASCALL, J. I dissent, deeming the special term right in its order, because title to the property was still in dispute.

KETCHAM, Appellant, v. KETCHAM, Respondent. (Supreme Court, Appellate Division, Second Department. July 25, 1901.) Action by Emma A. Ketcham against Warren A. Ketcham. No opinion. Judgment and order affirmed, without costs.

KEYSER v. MUTUAL RESERVE FUND LIFE CO. (Supreme Court, Appellate Division, First Department. June 7, 1901.) Action by Isaiah Keyser against the Mutual Reserve Fund Life Company. No opinion. Motion denied, with $10 costs.

KING, Respondent, v. A. R. KING MFG. CO., Appellant. (Supreme Court, Appellate Division, Second Department. July 25, 1901.) Action by Beatrice Presswood King against the A. R. King Manufacturing Company. No opinion. Judgment and order affirmed, with costs.

KURTH et al., Respondents, v. GRUBER et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 20, 1901.) Action by Augustus Kurth, as administrator, and another, as administratrix, etc., of Charles J. Kurth, deceased, against Abraham Gruber and another. No opinion. Judgment affirmed, with costs.

LACS, Respondent, v. JAMES EVERARD'S BREWERIES, Appellant. (Supreme Court, Appellate Division, Second Department. June 20, 1901.) Action by Jacob M. Lacs, an infant, by Samuel Lacs, his guardian ad litem, against James Everard's Breweries. No opinion. Motion for reargument denied. Motion for leave to appeal to the court of appeals granted. See 70 N. Y. Supp. 672.