SHEA v. LYNSKEY.

(Supreme Court, Appellate Term. January 10, 1912.)

1. EXECUTION (§ 402*)—SUPPLEMENTARY PROCEEDING—SCOPE.

    In proceedings supplementary to an execution to require a judgment debtor to turn over to a receiver appointed therein certain chattels, etc., the court has no power to determine the question of ownership; and where the ownership is contested, an order directing the defendant to turn over the property to the receiver is improper.

    [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1156–1159; Dec. Dig. § 402.*]

2. EXECUTION (§ 402*)—SUPPLEMENTARY PROCEEDING—OWNERSHIP.

    That a defendant in May, 1910, made a mortgage on property which it is sought to have him turn over to a receiver in supplementary proceedings, does not conclusively establish that he owned the property in September, 1911, at the date of the proceedings.

    [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1156–1159; Dec. Dig. § 402.*]

Appeal from City Court of New York, Special Term.

Supplementary proceedings by Denis J. Shea against Thomas Lynskey. From an order refusing to vacate an order directing the defendant to turn over property to a receiver, defendant appeals. Reversed, and motion granted.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Baker & Hyman, for appellant.

Bernheim & Loewenthal, for respondent.

SEABURY, J. The defendant appeals from an order denying a motion to vacate an order directing the defendant judgment debtor to turn over to the receiver, appointed in proceedings supplementary to execution, certain chattels, lease, and possession of a saloon at the premises No. 2407 Washington avenue, borough of the Bronx, New York City.

The examination of the judgment debtor in supplementary proceedings shows that the Lion Brewery holds a chattel mortgage of $4,500 on the fixtures and that the saloon was the property of the defendant's wife. The defendant admitted that he and his wife had signed the mortgage and that he signed the lease. Under these circumstances we think that the learned court below erred in directing the defendant to turn over this property to the receiver of the judgment debtor. The title to this property could not be determined in the proceeding supplementary to execution. Gerton Carriage Company v. Richardson, 6 Misc. Rep. 466, 27 N. Y. Supp. 625; West Side Bank v. Pugsley, 47 N. Y. 368; Barnard v. Kobbe, 54 N. Y. 516; Krone v. Klotz, 3 App. Div. 587, 38 N. Y. Supp. 225. It may be that the defendant's claim that he did not own the property in question was false; but that issue could only be determined in an action, and could not be summarily determined upon a motion.

[2] The fact that the defendant had made a mortgage on the prop-

erty in May, 1910, did not conclusively establish that he owned the property in September, 1911, when the order directing him to deliver the property to the receiver was made.

Order reversed, with $10 costs and disbursements, and the motion to vacate the order of September 29, 1911, is granted, with $10 costs. All concur.