JACOB PROTTER, Plaintiff, *v.* FRANK E. LOVELL,
Defendant.

(County Court, Niagara County, July, 1915.)

Supplementary proceedings — examination of judgment debtor — renewal of mortgage — Lien Law, § 235.
Contempt — proceedings to punish for — action by receiver in supplementary proceedings.

Unless it appears that small sums paid out by a judgment debtor while an order in supplementary proceedings forbidding him to make or suffer any transfer or other disposition of or interference with his property was in force were paid from moneys that he had at the time of the service of the order upon him he cannot be punished as for contempt on account of such payments.

While an order for the examination of a judgment debtor in supplementary proceedings was in force he together with his wife executed and delivered a chattel mortgage upon household furniture in which mortgage they both certified that they were the owners of the property and that the mortgage was duly filed pursuant to the Lien Law. On motion to punish the judgment debtor as for contempt for a violation of the injunction order he claimed said mortgage was merely in renewal of a prior mortgage covering the same property. Held, that the prior mortgage not having been properly renewed was under section 235 of the Lien Law invalid as to the judgment creditor; even had the mortgagee taken possession of the property and foreclosed his title would not have been good as against the judgment creditor.

That the mortgage given in renewal unless set aside as preferential was valid and a lien on the property for the amount thereof even as against the judgment creditor, not because it was a continuation of the old lien but on the ground that it created a new lien.

That, the judgment debtor disclaiming any interest in the mortgaged property at the time of the execution of the new mortgage and claiming shortly after the purchase of the property that the bill of sale by mistake ran to defendant, and that he had transferred his interest to his wife, a controversy as to

27

the ownership of the property could not be decided on a motion to punish him for contempt; that before the court has power so to do the title to the property must be determined in an appropriate action brought by the receiver in supplementary proceedings.

The only way of instituting proceedings to punish a party for a civil contempt not committed in the immediate view and presence of the court is by an order to show cause or warrant of attachment, and this procedure cannot be waived by personal appearance.

Motion to punish judgment debtor for contempt in disobeying an injunction order.

Frank S. Nicholson, for plaintiff and judgment creditor.

Parker & Parker, for defendant and judgment debtor.

Fish, J.  The order for the examination of the judgment debtor was granted February 10, 1915, and on the same day served on the defendant. This order contained the usual injunction pursuant to section 2451 of the Code forbidding the defendant from making or suffering any transfer or other disposition of or interference with his property or property in which he has any interest, legal or equitable, and not exempt from levy and sale on execution, until further direction of the court.

While this injunction order was in force and on the 5th day of March, 1915, the defendant together with his wife executed and delivered a chattel mortgage for $1,000 covering household property, in which mortgage they certified that they were the owners of the property, and this chattel mortgage was duly filed pursuant to the Lien Law. The defendant also paid out various small sums while the injunction order was in force, but, inasmuch as it does not appear that the sums thus

paid out were moneys that the defendant had when the injunction order was served on him, he cannot be punished for contempt on account of such payments. *Rainsford* v. *Temple,* 3 Misc. Rep. 294.

As to the chattel mortgage, it appears that the defendant and his wife had given the same mortgagee a chattel mortgage on the same property for $2,000 which had been reduced by payments to $1,000; but which the mortgagee had failed to renew as required by the Lien Law, and the chattel mortgage of March 5, 1915, was given on account of such failure. The attorney for this mortgagee, upon discovering that the first mortgage had not been renewed, drew the new mortgage and asked the defendant to execute it with his wife, telling the defendant that if the new mortgage was not executed he would foreclose the old one. The defendant claimed he had no interest in the property and told the attorney about the injunction order against him and the attorney told him that if he had no interest in the property he would not violate the injunction order and that he could suit himself about signing the new mortgage; but that unless he and his wife signed the new mortgage the old mortgage would be foreclosed and that he, the attorney, was not going to take any chances about the ownership of the property as between the plaintiff and his wife.

In 1912 this household property was purchased for $3,000 and the bill of sale ran to the defendant, and the defendant testified that he bought the property, that he and his wife both put money into it and that shortly after the purchase he transferred his interest to his wife; and later the defendant testified that his wife was present when the transfer was made, that he had no money and that she put in all she had, that the transfer was to be made to her, but that through a

mistake of the party drawing the bill of sale it ran to him.

The defendant claims that the execution of the new mortgage was merely a renewal of the old one and that the rights of the plaintiff were not affected. This is untenable.

Section 235 of the Lien Law provides: "A chattel mortgage, except as otherwise provided in this article, shall be invalid as against creditors of the mortgagor * * * after the expiration of the first or any succeeding term of one year, reckoning from the time of the first filing, unless," etc., and following this are provisions for the renewal of the mortgage.

The old mortgage not having been renewed was invalid as to this plaintiff; and if the mortgagee had taken possession of the property and foreclosed his title would not have been good as against this plaintiff. *Stephens* v. *Perrins,* 143 N. Y. 476.

The new mortgage, however, unless set aside as a preference, is valid and a lien for the amount thereof on the property even as against the plaintiff, not on the ground that it is a continuation of the old lien, but that it constitutes the creation of a new lien. *Bowdish* v. *Page,* 153 N. Y. 104.

If the defendant, therefore, had an interest in this mortgaged property he has prejudiced the rights of the plaintiff by creating a lien on the property in violation of the injunction order. There is, however, a controversy as to the ownership of the property. The defendant claims that he has no interest therein while the plaintiff claims that he has. This controversy on this motion I have no power to decide even though there is some inconsistency in the defendant's testimony, for he claims that he had no interest at the time of the execution of the new mortgage and that he transferred his interest in the property to his wife

shortly after its purchase, and before the defendant can be adjudged guilty of contempt for executing the second mortgage the title to the mortgaged property must be settled in an appropriate action by a receiver. *Matter of Becker,* 36 Misc. Rep. 322; *Matter of Hurwitz* v. *Bernstein,* 156 App. Div. 913; *Holmes* v. *O'Regan,* 68 id. 318; *Matter of Duryea,* 17 id. 540; *Gerton Carriage Co.* v. *Richardson,* 6 Misc. Rep. 466.

*Kernochan* v. *Russell,* 34 Misc. Rep. 824, relied on by the plaintiff is not in accord with the other cases on this subject and the dissenting opinion therein states the law as I understand it. Where the legal title is unquestionably in the judgment debtor and there is a controversy as to whether or not a third party has an equitable lien thereon, a judgment debtor may be adjudged in contempt for transferring the legal title to the party claiming the equitable lien (*Matter of Black,* 138 App. Div. 562); but here there is a controversy as to whether the legal title is in defendant or his wife, he having testified that he transferred the property to her shortly after its purchase and that he has no interest therein. I cannot summarily determine that this transfer was fraudulent; that question must first be determined in an appropriate action. And if it is determined in such an action that the defendant had an interest in the mortgaged property, then I could punish him for contempt in encumbering that interest in violation of the injunction order.

Furthermore, I am asked to fine the defendant the amount of the judgment and the costs of the supplementary proceedings. Such a fine can only be imposed in proceedings to punish for a civil contempt (Judiciary Law, §§ 751, 773), and it seems that the defendant is not properly before me charged with a civil contempt. The only papers presented are the

affidavit and order in supplementary proceedings, the testimony of the defendant and the report of the referee. The proceedings were adjourned before me, the defendant appears in person and by counsel, and upon such papers and appearance this motion is made; but the offense was not committed in my immediate view and presence and where not the only way of instituting proceedings to punish a party for a civil contempt is by order to show cause or warrant of attachment (Judiciary Law, § 757) and it seems that this cannot be waived even by a personal appearance. *West Hudson County T. Co.* v. *Waldron*, 119 App. Div. 294; *Vingut* v. *Sire*, 163 id. 530.

Motion denied, with leave to renew.